757 So.2d 33 (2000)
Ini Okon EKERE
v.
DUPONT CHEMICAL PLANT.
No. 99-CA-1027.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 2000.
Writ Denied April 28, 2000.
*34 John F. Dillon, Attorney at Law, New Orleans, Louisiana and Donni E. Young, Ness, Motley, Loadholt, Richardson and Poole, New Orleans, Louisiana, Counsels for plaintiff-appellant.
Gregory S. Unger, Law Offices of Michael S. Guillory, Metairie, Louisiana, Counsel for defendant-appellee.
Court composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
McMANUS, Judge.
Claimant, Ini Okon Ekere, appeals a judgment rendered by a hearing officer in the Workers' Compensation Administration granting defendant Dupont Chemical Plant's (hereafter Dupont) motion for summary judgment. The hearing officer found that claimant was not entitled to death benefits because he was not dependent on his decedent wife, Pamela Sanders, at the time that she was allegedly exposed to various carcinogens related to her cancer. For the following reasons, we affirm.
On December 28, 1998, claimant filed a Disputed Claim for Compensation for death benefits, alleging that Ms. Sanders died on October 23, 1998 from cancer related to her exposure to various chemicals while employed as an operator for Dupont. The record reflects that Ms. Sanders was employed by Dupont from 1980 until 1989.
Shortly after Ms. Sanders terminated her employment with Dupont, she moved to Atlanta, Georgia. In 1993, claimant met Ms. Sanders in Atlanta. In December of 1997, Ms. Sanders began experiencing symptoms that were later identified as related to cancer. Claimant and Ms. Sanders were married on May 7, 1998, and Ms. Sanders passed away on October 23, 1998.
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Nevertheless, summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971, 974, writ denied, 97-3012 (La.2/13/98), 709 So.2d 747. Under the recently-amended version of La. C.C.P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Tonubbee, 702 So.2d 971, 975.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1 Cir.6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
Claimant argues that compensation for an occupational disease is not treated in the same matter as a traumatic injury under LSA-R.S. 23:1254. Claimant further argues that the language of the worker's *35 compensation statute permits recovery on "disability," not simply on the occurrence of the "injury" or "accident." Claimant argues, therefore, that his right to recovery of periodic benefit payments is not triggered until impairment is manifest.
Dupont responds that it is entitled to summary judgment as a matter of law because claimant was not married nor dependant on Ms. Sanders at the time of her alleged exposure to the carcinogens. Dupont further responds that the date of the injury-producing event determines the time at which the occupational disease claim alleging belated manifestation of damages resulting from earlier exposure arises. Dupont maintains that the last date an accident could have occurred was on the date of Ms. Sander's resignation in 1989.
The applicable statute on occupational disease, LSA-R.S. 23:1031.1, provides that the dependents of employees whose death is caused by an occupational disease shall be entitled to the compensation provided as if the employee had received personal injury by accident.
LSA-R.S. 23:1031.1 provides, in pertinent part, that:
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
The term "accident" is specifically defined in worker's compensation statute. LSA-R.S. 23:1021 contains the following pertinent definitions:
As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
(1) "Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
. . . .
(4) "Dependent" means the person or persons to whom, under the provisions of Part II of this Chapter, compensation shall be paid upon the death of the injured employee.
. . . .
(7) (a) "Injury" and "personal injuries" include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
It is clear that claimant is entitled to a presumption that he was actually and wholly dependant upon Ms. Sanders at the time of her death pursuant to LSA-R.S. 23:1251.[1] However, in order to receive *36 worker's compensation death benefits, claimant must also show that he was dependent upon Ms. Sanders at the time of her accident.
The relevant statute, LSA-R.S. 23:1254, provides that:
In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact. (Emphasis added).
The use of the word "accident" instead of "injury" in LSA-R.S. 23:1254 connotes a legislative intent to require a claimant to be dependant on the decedent on the date of the event that causes the injury, not the date on which the injurious results of the accident occurs. Claimant failed to show that he was dependant upon Ms. Sanders at the time of her accident. See Moy v. Schuylkill, 209 La. 782, 25 So.2d 542 (1946). It is clear from the record that claimant-dependant met Ms. Sanders in 1993. Ms. Sanders had terminated her employment with Dupont in 1989; therefore, she could not have been exposed to carcinogens at Dupont at any time after 1989. It is clear that the claimant was not dependent upon Ms. Sanders at the time that she was employed at Dupont and would have been exposed to the carcinogens. For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs of this appeal are taxed to the claimant.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1251. Persons conclusively presumed dependents

The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death. (Emphasis added).