807 So.2d 1007 (2002)
Darlene RANSOME et al.
v.
Marlon B. BORDELON, et al.
No. 01-CA-1095.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
J. Marvin Montgomery, Baton Rouge, LA, Counsel for defendants-appellants.
Richard L. Edrington, Accardo, Edrington & Golden, LaPlace, LA, Counsel for defendants-appellants.
Court composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
McMANUS, Judge.
At issue in this case is whether defendants are entitled to summary judgment on the ground that plaintiffs have failed to present any evidence that defendant, Penny Trim, was negligent in causing the accident at issue. For the reasons that follow, we conclude summary judgment in defendants' favor is appropriate.

FACTS AND PROCEDURAL HISTORY
On March 30, 1999, plaintiffs, Darlene Ransome and her mother Lucy Sansone, were traveling on the I-10 twin spans over Lake Ponchartrain in St. John The Baptist Parish when the traffic in front of their car suddenly halted because of an automobile accident. Contemporaneously therewith, Mrs. Ransome stopped her car, looked in *1008 her rear view mirror, heard the sound of screeching brakes and observed the vehicle directly behind her become rear-ended by a yellow truck. Shortly thereafter, the vehicle directly behind her, operated by Penny Trim, rear-ended her car.
Subsequently, plaintiffs (Mrs. Ransome, her husband and Mrs. Sansone) filed suit against Penny Trim, her insurer (State Farm) Welling Truck Service, Inc., the owner of the "yellow truck," the driver of that truck, Marlon Bordelon, Welling's insurer (Old Republic Insurance) and Mrs. Ransome's UIM carrier (Century Surety Company). The petition for damages alleged that Penny Trim's car was traveling at an "unsafe distance" behind Mrs. Ransome's car. Further, the collision was caused by the negligence of Penny Trim and Marlon Bordelon in driving at speeds greater than were "reasonabl[y] prudent under the conditions and potential hazards" existing at the time of the accident; failure to have "due regard" for other traffic on the highway; "inattentive" operation of their vehicles; failure to maintain proper lookout; failure to apply their brakes fast enough to properly stop the vehicles; and following the vehicle in front of them too closely. Thereafter, Penny Trim and State Farm, (hereinafter referred to as "defendants"), filed a motion summary judgment asserting Penny Trim was not negligent when she rear-ended Mrs. Ransome's vehicle. In support, they relied on plaintiff, Darlene Ransome's deposition testimony in which she stated that she heard the impact of Marlon Bordelon's vehicle hitting Penny Trim's vehicle before she felt any impact from Penny Trim's vehicle. Moreover, when asked if she knew of anything Miss Trim did to cause impact with her car, she said, "No." Additionally, she testified that she was unaware how close Miss Trim's vehicle was to her vehicle and if that vehicle had come to a complete stop behind her car before impact. Defendants contend Mrs. Ransome's deposition testimony contradicts the statement of the accident as set forth in the petition for damages.
Plaintiffs opposed contending Miss Trim is presumed to be liable for this accident under La. R.S. 32:81 because her vehicle rear-ended Mrs. Ransome's car. In support of this contention they relied on the affidavit of Mrs. Ransome which stated that just before the accident Mrs. Ransome looked in her rear view mirror and observed Penny Trim's vehicle at an unsafe distance behind her car and that Miss Trim's vehicle had not come to a complete stop prior to impact from Marlon Bordelon's truck.
After a hearing, the trial judge, Judge Madeline Jasmine, granted the motion for summary judgment and dismissed plaintiff's suit against defendants, Penny Trim and State Farm. In oral reasons for judgment, the trial court opined:
... the only thing [plaintiffs] seem to be relying on is the fact that there is nothing to suggest that [Miss Trim] observed the vehicle ahead of her or that she was at a safe distance or paid attention to that fact. However, the facts appear clear that according to [Mrs. Ransome's] own deposition, or her statement, that the [accident] happened as a result of the Welling vehicle, the Bordelon, or whateverthe truck, the truck that hit Miss Trim, which caused Miss Trim to go into [Mrs. Ransome]. There is nothing that suggests that Miss Trim could have done anything to avoid this accident. Except if she hadn't been on the road.
Plaintiffs now appeal the district court's judgment asserting it erred in granting summary judgment. They contend defendants failed to present sufficient evidence to overcome the presumption that a following motorist is liable in a rear-end collision and that there is an issue of material *1009 fact as to whether Penny Trim was traveling at an unsafe distance behind Darlene Ransome.

DISCUSSION
At the outset, we note that this matter is before this court as a review of a summary judgment. Thus, review of the trial judge's findings is limited. It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Nevertheless, summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33. Under La. Code Civ. P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967; Ekere, 757 So.2d 33, 34. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir.6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
In this case, the parties do not dispute that Miss Trim's vehicle was struck from behind by Marlon Bordelon's vehicle then pushed into Mrs. Ransome's vehicle. Defendants relied on plaintiff, Darlene Ransome's deposition testimony to show that Penny Trim could not have avoided hitting the car in front of her because Marlon Bordelon rear-ended her car pushing it into Darlene Ransome's car. Thus, once defendants satisfied their burden, the burden shifted to plaintiffs to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. La. Code Civ. P. art. 966(C)(2); Brown v. Manhattan Life Ins. Co., 01-0147 (La.6/29/01), 791 So.2d 74.
Plaintiffs argue that Louisiana law has established a presumption that when a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed at fault and must prove a lack of fault to avoid liability. La. R.S. 32:81(A), provides:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
A following motorist in a rearend collision is presumed to have breached this duty, and is presumed negligent. (Hopstetter v. Nichols, 98-185 (La.App. 5 Cir. 7/28/98), 716 So.2d 458, writ denied, 98-2288 (La.11/13/98), 731 So.2d 263.) In addition, a motorist also has a duty to maintain a careful lookout, observe any obstructions present, and exercise care to avoid them. Id.
However, plaintiffs introduced no evidence other than Mrs. Ransome's affidavit stating Miss Trim's vehicle was traveling *1010 at an unsafe distance behind her to support their assertion that Miss Trim breached this duty and could have somehow avoided being pushed into Mrs. Ransome's vehicle. Absent some affirmative proof by plaintiffs that Miss Trim was somehow negligent in rear-ending Mrs. Ransome's car, we are unable to say the trial court erred in granting summary judgment in favor of defendants, Penny Trim and State Farm. Although Mrs. Ransome's deposition demonstrates Marlon Bordelon's negligence, it does not establish that Penny Trim was negligent and caused this accident.
In sum, we find there are no genuine issues of material fact precluding summary judgment in favor of defendants. Accordingly, the district court properly granted the motion for summary judgment.
AFFIRMED.