| ¡WALTER J. ROTHSCHILD, Judge.
Plaintiff, Jessica Marie Laborde, appeals from a summary judgment rendered in favor of defendant, New York Life Insurance and Annuity Corporation. For the reasons that follow, we vacate the summary judgment and remand the case to the trial court for further proceedings.

Facts and Procedural History

This action was brought by the surviving children of Chris LaBorde and Cynthia Manuel LaBorde to recover full death benefits under a life insurance policy. Chris Laborde purchased New York Life Insurance Policy No. 62 432 264 in July of 1986 and made timely monthly premium payments on this policy for over 11 years for a total cash value of $6,328.77. On February 2,1998, Chris Laborde submitted a surrender form to New York Life attempting to surrender the policy for its cash value.
On February 17, 1998, Chris Laborde fatally shot his wife and then committed suicide. The Labordes were survived by two minor children, Jessica and Christopher Laborde. Two days after Chris La-borde’s death, on February 19, 1998, New York Life sent a check for the cash value of the policy less the 13surrender penalty in the amount of $5474.77 made payable to the Estate of Chris Laborde. This check was not negotiated, and the instant petition seeking full death benefits under the subject policy was filed on February 17, 1999 on behalf of the minor children Jessica and Christopher Laborde.[1]
*43 On April 11, 2002, Jessica Laborde, who had attained the age of majority, was substituted as party plaintiff, individually and as provisional tutrix of her brother, Christopher Laborde. Thereafter, New York Life filed an Exception of No Right of Action, or Alternatively, Motion for Summary Judgment as to the claim brought by Christopher Laborde on the basis that Christopher Laborde was not a named beneficiary under the policy. Additionally, New York Life filed a motion to reset the motion for summary judgment against Jessica Laborde, individually and as provisional tutrix of her brother Christopher Laborde.
These matters were heard by the trial court on May 1, 2002. By judgment rendered on May 9, 2002, the trial court granted defendant’s exception of no right of action, or alternatively, motion for summary judgment as to the claim of Christopher Laborde, dismissing his claim with prejudice, but reserving his right to pursue claims against other persons or entities. The trial court also granted New York Life’s motion for summary judgment as to the claims of Jessica Laborde, dismissing those claims with prejudice. It is from this judgment that plaintiff, Jessica La-borde, now appeals.
By this appeal, Jessica Laborde contends that the trial court erred in granting summary judgment as there remain issues of material fact, specifically whether Chris Laborde lacked mental capacity to validly surrender his insurance policy. New York Life responds that the policy was surrendered according to its terms and |4coverage under the policy terminated pri- or to Laborde’s death. Thus, they argue, New York Life is entitled to judgment as a matter of law.

Statement of Applicable Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of an action. LSA-C.C.P. art. 966(B); Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The procedure is favored and shall be construed to accomplish these ends. Id. The burden of proof lies with the movant. LSA C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported with affidavits made on personal knowledge which affirmatively show the affiant’s competency to testify, an adverse party may not rest on the mere allegations or denials of the pleadings. LSA C.C.P. art. 967; Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La. App. 1 Cir.1990), writ denied, 573 So.2d 1136 (La.1991). Rather, the adverse party must set forth specific facts showing that there is a genuine issue of material fact. If the party does not so respond, summary judgment, if appropriate, shall be rendered against it. Id.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988); Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, writ denied.

_J¿Discussion

The parties in this case dispute whether Chris Laborde’s mental capacity *44 is a material fact which affects the validity of the form of surrender executed by him. Appellant contends that, according to La. C.C. art.1906, the act of surrender constitutes a contract as an obligation was modified or extinguished. Appellant argues that the contract is therefore governed by La.C.C. art.1926, which provides:
A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.
Conversely, appellee contends that the only contract involved in this case was the agreement to purchase insurance made in 1986, that the act of surrender did not constitute a new contract, and the above cited article is therefore inapplicable. Ap-pellee instead relies on La. C.C. art. 403 to support its argument that the surrender of the policy executed by Chris Laborde cannot be attacked for lack of mental capacity. At the time of Chris Laborde’s death, La. C.C. art. 408 provided as follows:
After the death of a person, the validity of acts done by him cannot be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested.
This article was repealed effective July 1, 2001, and was no longer in effect when this motion for summary judgment was urged or decided. In any event, appellant contends that this article allows her to contest the validity of the act of surrender because the proof of Chris Laborde’s mental incapacity results from the |fiact itself, i.e., the surrender of the insurance policy several days before the act of suicide.
In opposition to New York Life’s motion for summary judgment, Jessica Laborde submitted the affidavits of two personal friends of the deceased as well as two psychiatric witnesses who stated that Chris Laborde lacked the mental capacity to surrender his insurance policy on the subject date. Pursuant to the provisions of La. C.C. art.1926, a contract may be attacked after the death of a person deprived of reason under certain circumstances. In addition, La. C.C. art. 403 is not wholly irreconcilable with the provisions of article 1926. Under either article, whether the decedent in this case was deprived of reason is a material fact which affects the validity of the surrender in this case.
Under the circumstances presented in this case, we find that the issue of Chris Laborde’s mental capacity at the time of the surrender of the subject policy is a material fact as to the validity of the surrender. Appellant met her burden of proving the existence of a material fact by the submission of the affidavits in this case. We conclude that the trial court erred in failing to apply the legal principles contained in article 1926 to the facts of the case before us, and issues of fact remain as to whether appellant may recover under that article. Thus, we find that the summary judgment entered by the trial court was improperly granted.
Accordingly, the May 9, 2002 judgment of the trial court insofar as it grants summary judgment in favor of New York Life and dismisses the claims of Jessica La-borde is hereby vacated. The matter is *45 remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

. The petition was originally filed by L.V. Manuel as the provisional tutor of the minor children, and on March 21, 2001, the trial court granted summary judgment in favor of New York Life and against Manuel dismissing the petition. This judgment was appealed, and a panel of this Court found that the judgment was null as L.V. Manuel died prior to the rendition of judgment and Jessica La-borde also attained the age of majority and had not been named as party. The Court remanded the matter to the trial court to allow substitution of parties.