I a WALTER J. ROTHSCHILD, Judge.
This case arises from a dispute between Lisa and Robert Blakes, who were the prospective buyers of a house, and Shirley and B.R. Malbrough, the sellers, over a $25,000 deposit held by ReMax Real Estate Partners (“ReMax”), which was the Malbroughs’ agent. On December 7, 1999, after being informed by ReMax that there was a dispute over entitlement to the deposit, the Louisiana Real Estate Commission initiated this concursus proceeding, pursuant to LSA-R.S. 37:1435(F) to determine who was entitled to the $25,000. On April 1, 2003, the trial judge rendered summary judgment in favor of the Malb-roughs, finding that they were entitled to the $25,000 because the Blakes breached the contract by failing to have the required down payment in cash. For the reasons which follow, we reverse the summary judgment granted in favor of the Malb-roughs, and we remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On May 4, 1999, Lisa and Robert Blakes entered into an agreement with Shirley and B.R. Malbrough to purchase the Malb-roughs’ home located at # 4 1¡¡Chateau Du Jardín in Kenner, Louisiana, for $738,000.[1] *81 Pursuant to the agreement, the Blakes submitted a deposit of $25,000, consisting of a $20,000 promissory note and a $5,000 check made payable to ReMax Real Estate Partners. This purchase agreement was to remain effective until May 4, 1999 at 12:00 p.m. Liz Ashe, who was an agent for Demand Realty and represented the Blakes, discovered that the necessary financing had not been secured by May 4, 1999, so she contacted Sharon Kochera, who was the agent with ReMax Partners representing the Malbroughs, requesting an extension of time to secure adequate financing. An extension was granted until May 27, 1999, and on May 29, 1999, a second extension was granted, allowing the Blakes until June 4, 1999 to obtain the necessary financing.
Although the Blakes were given two extensions, they were unable to secure sufficient financing for the purchase of the home. On June 9, 1999, Chase Manhattan Mortgage Corporation notified the Blakes that they had not been approved for the loan. On July 1, 1999, Crescent Bank and Trust informed the Blakes that their loan application had been denied. The Blakes assert that they made a diligent and good faith effort to secure the loan to purchase the property, but the Malbroughs contend that the Blakes did not make a diligent effort to qualify for financing.
On July 19,1999, Liz Ashe, agent for the Blakes, notified, Sharon Kochera, agent for the Malbroughs, that the Blakes had not been able to secure adequate financing. Ms. Ashe forwarded correspondence to Ms. Kochera requesting return of the $25,000 deposit due to the Blakes’ inability to obtain financing. However, |4the Malb-roughs contacted their agent, Ms. Koch-era, demanding payment of the $25,000 deposit.
Gerald Peters of ReMax Real Estate Partners informed the Louisiana Real Estate Commission (“LREC”) that there was a dispute as to the ownership or entitlement to the funds that ReMax was holding in escrow. ReMax also turned over a $5,000 check and the $20,000 promissory note to the LREC. The LREC filed a Petition for Concursus and placed the funds in the registry of the court.
On August 31, 2000, the Malbroughs initially moved for summary judgment, which was denied by the trial court. After additional discovery was completed, the Malbroughs filed a second Motion for Summary Judgment on November 5, 2002, asserting that the Blakes did not possess the required cash down payment at the time that they entered into the purchase agreement and that such failure was a breach of the purchase agreement.
The trial court agreed with the Malb-roughs, found that there were no genuine issues of material fact in this matter, and rendered summary judgment in their favor. In the judgment, the trial judge stated, “Specifically, the Court finds that Robert and Lisa Blakes warranted that they possessed $73,800.00 cash as down-payment on the Malbroughs’ home, that the Blakes in fact did not possess said down-payment, and that the Blakes did not purchase the Malbroughs’s home. Pursuant to the relevant Agreement to Purchase or Sell, Movants B.R. and Shirley Malbrough are therefore entitled to the $25,000.00 deposit held in escrow by the Louisiana Real Estate Commission, along with reasonable attorneys fees and costs ...”

DISCUSSION

On appeal, the Blakes argue that the trial court erred in granting summary *82 judgment in favor of the Malbroughs, finding that there were no genuine issues of | (¡material fact and that Lisa and Robert Blakes were in bad faith.[2] They argue that they were never advised that they needed to have cash on hand to complete the deal, and that the down payment for the Malbroughs’ home was to come from the sale of their home. The Malbroughs respond that the only issue on which their motion was based was the Blakes’ failure to possess the $73,800 down payment required at the time of signing, which constitutes a breach of the purchase agreement. They argue that the Blakes admitted in their answers to interrogatories that they were unable to secure the down payment, and they admitted in their deposition that they did not have $73,800 in cash at the time that they signed the purchase agreement. They assert that a showing of bad faith or intent is not necessary.
Appellate courts review summary judgments de novo using the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, 34, writ denied, 00-778 (La.4/28/00), 760 So.2d 1181. A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there us no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Hutchinson v. Knights of Columbus Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 232. A fact is “material” for purposes of summary judgment when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Estate of Levitz v. Broadway, 37,-246 (La.App. 2 Cir. 5/14/03), 847 So.2d 170, 173. Summary judgment is favored, but the burden of proof remains with the movant. Prince v. K-Mart Corporation, 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248.
IfiThe purchase agreement signed by the Blakes and the Malbroughs was contingent on the Blakes being approved for financing. The parties do not dispute that the Blakes were denied adequate financing by two lending institutions, as evidenced by affidavits of the representatives of these institutions. In support of their position that the deposit should be returned to them, the Blakes rely on lines 19-21 of the purchase agreement, which provide that if the purchaser is unable to obtain the loan, the agent is authorized to return the deposit in full, upon receipt of a written cancellation signed by all parties involved evidencing mutual consent to the release of the deposit. In contrast, the Malbroughs rely on lines 22-24, which state that the purchaser warrants that he has $73,800 cash for a down-payment, and failure to have this down-payment shall not void the purchase agreement, but shall be considered a breach thereof. Also, lines 49-52 provide that if the purchaser fails to comply with the agreement, the seller may reoffer the property for sale and declare the purchaser’s deposit forfeited.
In order to decide who is entitled to the $25,000 deposit, it is necessary to determine whether the cause of the contract’s failure was the Blakes’ inability to obtain financing, which would allow the Blakes to receive the return of their deposit, or whether the cause was the Blakes’ failure to have the down-payment, which would result in the forfeiture of their deposit.
*83 The Malbroughs base their Motion for Summary Judgment solely on the Blakes’ failure to have the down-payment. They cite the Blakes’ response to interrogatory number 8A, in which they stated, “Defendants attempted to acquire the necessary financing required pursuant to the purchase agreement but could not secure the additional down-payment.” According to the Malbroughs, this interrogatory response, along with the Blakes’ admission in their deposition that they did not have $73,800 in cash at the time of signing the agreement, establishes that there are no material issues of fact as to who is entitled to the deposit, because 17the Blakes admit that they breached the contract. However, in their brief, the Blakes contend that their response to interrogatory number 8A was taken out of context and that they had secured personal loans from sources other than banking institutions in order to complete the purchase of the home. The Blakes assert that the contract failed due to their inability to obtain adequate financing, not failure to have the down-payment.
A contract to sell real estate which is contingent upon obtaining sufficient financing is a contract subject to a suspensive condition, and the contract does not become effective until the condition occurs. Garsee v. Bowie, 37,444 (La.App. 2 Cir. 8/20/03), 852 So.2d 1156, 1161. In the present case, the suspensive condition was not fulfilled, because adequate financing was not obtained by the Blakes. When a purchaser, through no fault of his own, is unable to obtain the loan as provided for in the purchase agreement, he may invoke a provision of the contract conditioning the agreement on his ability to make the loan, and declare the contract null and void. Id. If the Blakes were unable to obtain financing, through no fault of their own, the purchase agreement would have failed due to inability to obtain financing, and the issue of whether other terms of the purchase agreement were violated would be irrelevant.
After a thorough de novo review of the record, including the exhibits and arguments of counsel, we find that there are genuine issues of material fact which preclude summary judgment in this case. First, there are material issues of fact as to why the contract failed. The trial court must make a factual determination as to whether the contract failed due to the . Blakes’ inability to obtain financing, which could render the contract null and entitle the Blakes to the return of their deposit, or whether the contract failed due to the Blakes’ misrepresentation that they possessed $73,800 cash for the down-payment, which would result in forfeiture of their deposit, pursuant to the purchase agreement. If the trial court determines that |sthe contract failed due to lack of financing, there may be additional factual issues to resolve, such as whether the Blakes made a diligent effort to obtain financing. Regardless, there are material factual issues which remain and, as such, summary judgment is not appropriate. Accordingly, we reverse the summary judgment granted in favor of the Malbroughs, and we remand the matter to the trial court for further proceedings.
We note that, in their brief, the Malb-roughs ask this Court to dismiss the Blakes’ appeal due to their failure to timely file a suspensive appeal bond, and the Malbroughs filed a Motion to Dismiss Appeal on March 5, 2004. However, this Court previously denied this motion on April 4, 2004, stating that the appeal was timely as a devolutive appeal.

DECREE

For the reasons set forth above, we reverse the summary judgment granted in favor of the Malbroughs, and we remand *84 this case to the trial court for further proceedings.

REVERSED AND REMANDED.

. There were actually two purchase agreements that were signed by both the Blakes and the Malbroughs. One purchase agreement was signed by the Malbroughs at 9:00 p.m. on May 3, 1999 and the Blakes at 8:12 p.m. on May 3, 1999. The other purchase agreement was signed by the Malbroughs at 8:12 p.m. on May 3, 1999 and the Blakes at 10:00 a.m. on May 4, 1999. The purchase agreement signed by the Blakes at 10:00 a.m. on May 4, 1999 was the last executed, and this purchase agreement is the one that the *81 Malbroughs relied on in their Motion for Summary Judgment. Therefore, this purchase agreement is the one we now consider on appeal.

. We note that the judgment does not in fact indicate that the Blakes were found to be in bad faith.