AMY, Judge.
| ,The claimant alleged entitlement to workers’ compensation benefits stemming from an incident she asserted was an inde *1008 pendent work-related accident or, later, an aggravation of a previous work-related injury. Due to the claimant’s death during the litigation, her husband represented the claimant’s interest and asserted that he was entitled to death benefits. Summary judgments were granted finding that the incident was not an independent work-related accident and that, with regard to aggravation of an injury, a claim for indemnity benefits other than supplemental earnings benefits had prescribed. The workers’ compensation judge also denied the husband’s claim for death benefits. The claimant’s husband appeals. We affirm.
Factual and Procedural Background
The record indicates that, during Karen Edwards Vincent’s[1] employment as an outside salesperson with Transwestern Publishing, LLC (Transwestern), she was injured in a work-related automobile accident in January 1998. As a result, she underwent a laminectomy at the C6 level in 1999. While she eventually returned to work and indemnity benefits were last paid in August 2001, she remained under a pain management physician’s care for her neck complaints. Transwestern continued to pay for her medical treatment.
The instant matter stems from an October 28, 2002 fall at Mrs. Vincent’s home. She alleged that on that date, a Sunday, she was preparing to leave town for a week of work in and around Beaumont, Texas, when she fell in her garage. Mrs. Vincent asserted that, as a result, she again sustained injury to her neck which required injections in the cervical region. Mrs. Vincent also reported that the level of her | ¡.medications was increased by her physician. Within several days of the fall, her physician placed her on no-work status.
Mrs. Vincent filed this claim on April 4, 2003. She alleged that she “was in [the] course and scope of her employment when she slipped and fell while loading her books into her car.” She listed October 28, 2002 as the date of accident and sought benefits as well as penalties and attorney’s fees for what she alleged was the insurer’s arbitrary and capricious handling of the claim.
Transwestern and its insurer, Wausau Insurance Company (Wausau), filed a motion for summary judgment, asserting that the October 2002 fall did not arise out of and in the course of Mrs. Vincent’s employment. In addition to the occurrence of the fall at home, they point out that Mrs. Vincent intended to travel from her home to Beaumont on Sunday at her own expense, ahead of her scheduled Monday appointments. They also observed that Mrs. Vincent intended to attend church services and shop for personal items prior to leaving town. The workers’ compensation judge granted the motion for summary judgment in September 2004 and dismissed the claim. It permitted fifteen days for amendment of the pleadings to allege a cause of action.
In a supplemental petition, Mrs. Vincent alleged that the October 2002 fall aggravated her pre-existing work-related injury. The record indicates that, following Mrs. Vincent’s death on April 23, 2005, Charles Vincent, Mrs. Vincent’s husband, was substituted as the party plaintiff. Mr. Vincent also amended the petition and asserted entitlement to death benefits under La. R.S. 23:1231.
*1009 Transwestern and Wausau filed a second motion for summary judgment and pointed to the fact that the final installment of indemnity benefits provided for Mrs. | ¡¡Vincent’s January 1998 automobile accident was paid in August 2001 and that suit on the alleged aggravation of that injury was not filed until April 2003. They argued that this time period indicates that the claim for temporary total disability benefits had prescribed. They also refuted Mr. Vincent’s claim for death benefits since he and Mrs. Vincent were not married at the time of the January 1998 accident.
The workers’ compensation judge granted the motion for summary judgment and found that Mrs. Vincent’s claims for temporary total, partial permanent and permanent and total disability benefits had prescribed. While those claims were dismissed, the workers’ compensation judge determined that any claim Mrs. Vincent had for supplemental earnings benefits had not prescribed and could be maintained. The workers’ compensation judge also denied Mr. Vincent’s claim for death benefits.
Mr. Vincent appeals the summary judgment and assigns the following as error:
The workers’ compensation judge erred in holding that Mrs. Vincent was not in the course and scope of her employment and that her accident did not arise out of her employment when she slipped and fell at her home while loading materials and equipment into her vehicle for work when she was a traveling sales person and was required to load the materials into her vehicle in order to perform the duties of her job.
The workers’ compensation judge erred in holding that Mrs. Vincent’s claim for temporary total, partial permanent and permanent and total disability benefits had prescribed when she sustained an aggravation of a pre-existing work related injury and suit was filed within one year from the date of the aggravation on October 28, 2002, and her claim for indemnity benefits did not arise until the aggravation occurred.
The workers’ compensation judge erred in holding that Mr. Vincent, as surviving spouse of Mrs. Vincent had no right of action nor cause of action under Louisiana Revised Statute 23:1231 when Mr. Vincent was married and living with Mrs. Vincent at the time of her death and presumed dependent on her pursuant to Louisiana Revised Statute 23:1251.
| ¿Discussion

Summary Judgment

All issues under review stem from summary judgments granted by the workers’ compensation judge. Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” An appellate court reviews a summary judgment de novo and uses the same criteria that governed the trial court’s consideration of whether the summary judgment should be rendered. Kennedy v. Sheriff of East Baton Rouge, 05-1418 (La.7/10/06), 935 So.2d 669.

Arising out of and in the course of employment

Mr. Vincent first questions the September 2004 summary judgment which deter *1010 mined that Mrs. Vincent’s October 28, 2002 fall at her home did not arise out of and was not in the course of her employment. He points to Mrs. Vincent’s testimony indicating that she was loading work materials into her vehicle at the time of the fall and that she was doing so in preparation to leave town for her sales position.[2]
1 ^Louisiana Revised Statutes 23:1031 provides:
A. If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
As a general rule, an accident occurring while an employee is traveling to or from work is not one considered to have occurred within the course and scope of his or her work and, thus, is not compensable as a workers’ compensation claim. McLin v. Indus. Specialty Contractors, Inc., 02-1539 (La.7/2/03), 851 So.2d 1135. The jurisprudence has recognized exceptions to this general rule, such as: 1) if the accident occurred on the employer’s premises; 2) if the employee was on a specific mission for the employer; 3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement by either contractually providing for transportation or by reimbursement of the travel expenses to the employee; 4) if the employee was performing work for the employer and circumstances indicated that the employer’s consent could be fairly implied; 5) if the injury occurred while traveling to/from one work site to another; 6) if the injury occurred in an area immediately adjacent to his/her work place and the area contained | (¡a distinct travel risk to the employee; and 7) if the operation of the vehicle was one of the employee’s duties of employment. Id.
*1011 None of these exceptions are present in this case and, in fact, Mrs. Vincent’s travel had not yet begun. Rather, she was at her home in Lafayette and was loading her vehicle in the pre-dawn hours of the day before she was to report to Beaumont, her out-of-town work locale. Prior to leaving, she intended to attend church services and do some personal shopping. After-wards, she was traveling to Beaumont and was spending the night in a hotel at her own expense. Neither was Transwestern providing a per diem for the Sunday travel. Rather, according to Mrs. Vincent’s testimony, the per diem was typically provided beginning with the first day of work in Beaumont. Given these factors, the summary judgment determining that Mrs. Vincent’s October 2002 fall was not an independent, work-related accident was appropriately rendered.
This assignment lacks merit.

Prescription

With the question of whether the fall was an independent accident resolved, Mrs. Vincent’s claim continued in the workers’ compensation court as one for aggravation of her work-related injury. The summary judgment granted in June 2006 determined that the claims for “temporary total, partial permanent and permanent and total disability benefits have prescribed and are hereby dismissed[.]” In his second assignment of error, Mr. Vincent questions this determination and asserts that prescription began to run from October 28, 2002, the date of the “disability,” not the date of the initial accident.
This issue is resolved by reference to La.R.S. 23:1209, which provides:
|7§ 1209. Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (f). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
(Emphasis added.)
The 1998 automobile accident is the determinative event, since the subsequent fall was found not to be work related. Indemnity benefits for Mrs. Vincent’s automobile accident were last paid in August 2001. The statute specifically addresses this situation and provides for the prescriptive period to begin running from the date of the last payment and contains no provision for related injuries that arise after this period. Here, the period began running at the time of the final indemnity payment in August 2001. The present claim was filed in April 2004, well after the applicable one-year prescriptive period. As for any claim that Mrs. Vincent might have had for supplemental earnings benefits pursuant to La.R.S. 23:1221(3), the workers’ compensation judge recognized *1012 that the three-year period applicable to this type of benefit had not expired. The judgment reflects this distinction.[3]
| «This assignment lacks merit.

Death Benefits

In the final assignment, Mr. Vincent appeals the determination that he is not entitled to receive workers’ compensation death benefits because he was not dependent on Mrs. Vincent’s income at the time of both the accident and her death. He asserts that, because he and Mrs. Vincent were married and living together at the time of her death, he is presumed dependent and entitled to benefits.
Louisiana Revised Statutes 23:1231 provides for workers’ compensation death benefits as follows:
§ 1231. Death of employee; payment to dependents; surviving parents
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart. (Emphasis added.)
Mr. Vincent points out that he and Mrs. Vincent began living together in 1999 and returns to his assertion that the October 2002 fall should be considered the date of the accident. Furthermore, he contends that he should be presumed to be “actually and wholly dependent” as is required by La.R.S. 23:1231, due to La.R.S. 23:1251.[4]
|9Mr. Vincent’s argument fails in two respects. First, La.R.S. 23:1231 lists the “accident” as the qualifying time period, not the “injury.” The fact that the January 1998 automobile accident was the determinative event for workers’ compensation benefits was resolved below and confirmed above. Thus, Mr. Vincent was not a legal dependent at the time of the accident.
The argument further fails in reliance on La.R.S. 23:1251 as determinative of whether Mr. Vincent qualified for death benefits under La.R.S. 23:1231. Certainly La.R.S. 23:1251 bestows a conclusive presumption of dependency for surviving spouses who were living with the employee at the time of the accident or death. However, La.R.S. 23:1251 is focused upon the financial aspect of dependency and whether a surviving spouse is required to prove financial reliance on the employee’s wages.[5] It does not address the existence *1013 of the actual relationship as does La.R.S. 23:1231. Furthermore, La.R.S. 23:1254 provides:
§ 1254. Dependency at the time of accident and death
In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.
1 in(Emphasis added.) This language, which is concordant with La.R.S. 23:1231, returns to the concept that the “relation” must exist at the time of the accident and death. It does not focus solely on the financial aspect of dependency on the employee’s wages.
In light of the statutory language, the workers’ compensation judge correctly entered summary judgment in favor of the employer on the issue of death benefits. Mr. Vincent could not establish dependency at the time of Mrs. Vincent’s 1998 accident and at the time of her 2005 death. See also Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, writ denied, 00-0778 (La.4/28/00), 760 So.2d 1181, wherein the fifth circuit addressed a factually similar case in which a spouse, who was not married to the employee at the time of the accident, claimed entitlement to death benefits. The court affirmed the denial of benefits pursuant to La.R.S. 23:1254, stating that it “connotes a legislative intent to require a claimant to be dependent on the decedent on the date of the event that causes the injury, not the date on which the injurious results of the accident occurs.” Id. at 36.
This assignment lacks merit.
DECREE
For the foregoing reasons, the workers’ compensation judge’s ruling is affirmed. All costs of this proceeding are assessed to the appellant, Charles Vincent.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.

. As reflected in the caption, the claimant was unmarried at the time of the filing of this suit. Thereafter, she married Charles Vincent. This opinion references Mrs. Vincent by her married name.

. Transwestern and Wausau assert that the September 2004 judgment constituted an ap-pealable, final judgment and that, since no appeal was taken from that judgment, Mr. Vincent may not now question whether the October 28, 2002 fall arose out of and in the course of Mrs. Vincent's employment. This is not a straightforward issue as the September 2004 judgment dismissed the totality of Mrs. Vincent’s claims as they existed at that time, but the judgment further permitted Mrs. Vincent "15 days from the signing of this Judgment to amend her pleadings to set forth a cause of action.” This statement is deceptive as it would appear that the motion was treated as an exception of no cause of action which could potentially have been amended. Here, however, it is apparent that the pleading was actually one for summary judgment as the workers’ compensation judge’s ruling obviously relied on the parties' evidence presented in support of and in opposition to the motion.
In McMath Construction Co., Inc. v. Dupuy, 03-1413, p. 8 (La.App. 1 Cir. 11/17/04), 897 So.2d 677, 683, writ denied, 04-3085 (La.2/18/05), 896 So.2d 40, the first circuit explained that:
[Jjust as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates there is nothing left to determine, and the law requires judgment to be entered for one party. Jackson v. State Farm Mut. Auto. Ins. Co., 27,611 (La.App. 2nd Cir. 12/6/95), 665 So.2d 661, 664.
See also Vega v. Wal-Mart Stores, Inc., OS-2239 (La.App. 1 Cir. 9/17/04), 888 So.2d 242. Just as Mrs. Vincent failed to avail herself of immediate review of the judgment, and instead amended her petition, Transwestern and Wausau failed to pursue review of the determination to allow amendment of the petition. In fact, they do not make this specific argument here, but instead argue merely that the judgment is a final one. As it has not yet been subject to judicial review, we consider the September 2004 summary judgment. See La.Code Civ.P. art. 2164.

. The judgment provides:
IT IS ORDERED, ADJUDGED AND DECREED that the claims of Karen Edwards for temporary, total, partial permanent and permanent and total disability benefits have prescribed and are hereby dismissed, with prejudice;
IT IS ORDERED, ADJUDGED AND DECREED that any claim of Karen Edwards for supplemental earnings benefits has not prescribed and may be maintained!)]

. Louisiana Revised Statutes 23:1251 provides:
§ 1251. Persons conclusively presumed dependents
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(Emphasis added.)

.The seeming friction between La.R.S. 23:1231 and La.R.S. 23:1251 can be seen in two decisions by this court, McClure v. City of Pineville, 06-279 (La.App. 3 Cir. 12/6/06), 944 So.2d 795 and Johnson v. City of Lake Charles, 04-455 (La.App. 3 Cir. 9/29/04), 883 So.2d 521. Those cases, however, involve different factual situations in that the existence of the relationship at both relevant *1013 times was not at issue. Rather, McClure and Johnson involved situations in which employees developed an employment-related disease after employment had ceased and focused on whether the surviving spouse could be viewed as being dependent on the employee’s "earnings" at the time of death since the employee was no longer receiving employment wages. Neither McClure nor Johnson references La. R.S. 23:1254 nor do they distinguish Ekere v. Dupont Chemical Plant, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, writ denied, 00-0778 (La.4/28/00), 760 So.2d 1181, discussed below.