836 So.2d 164 (2002)
CECO CONCRETE CONSTRUCTION, L.L.C. and RELIANCE INSURANCE CO.
v.
Yolanda Renee Smith PENNINGTON, Kenneth Lamont Pennington, Jr., Shalonda Monique Pennington, Eureka Pennington, Trina Haynes, Marie McGee, and Cornelius Hill.
No. 2001 CA 1945.
Court of Appeal of Louisiana, First Circuit.
October 2, 2002.
Michael L. Martin, Sidney W. Degan, III, New Orleans, for PlaintiffsAppellees Ceco Concrete Construction, L.L.C. and Reliance Ins. Co.
Scott P. Shea, New Orleans, for DefendantsAppellants Yolanda Pennington and Kenneth Pennington, Jr.
Before: FOIL, FOGG, and KLINE,[1] JJ.
*165 FOGG, J.
In this workers' compensation case, the surviving spouse and an adult child appeal a judgment rejecting their claim for benefits upon a finding they were not dependants of the deceased employee. For the following reasons, we affirm.
On June 8, 1999, Kenneth Pennington, Sr., an employee of Ceco Concrete Construction, was killed while in the course and scope of his employment. Anticipating claims for death benefits, Ceco initiated a concursus proceeding. The workers' compensation judge found that Yolanda Pennington, the surviving spouse, and Kenneth Pennington, Jr., the decedent's adult son, were not dependents of the deceased and denied them death benefits. They appeal.
Ms. Pennington and Kenneth Pennington, Jr. were not living with the decedent at the time of his death and do not enjoy the conclusive presumption of dependency established by LSA-R.S. 23:1251. Pursuant to LSA-R.S. 23:1252, the question of legal and actual dependency, when conclusive dependency does not exist, shall be determined "in accordance with the facts as they may be at the time of the accident and death." The mere expectation or hope of future contribution for support shall not constitute proof of dependency as a fact. LSA-R.S. 23:1254. Occasional gifts or aid do not constitute legal dependency. Lumbermen's Underwriting Alliance v. Teague, 521 So.2d 820 (La.App. 2 Cir.1988). Proof of dependency upon the earnings of the decedent at the time of his death must be by a preponderance of the evidence. Castle v. Prudhomme Tank Truck Line, Inc., 417 So.2d 1205 (La.App. 1 Cir.), writ denied, 422 So.2d 423 (La.1982). Dependency is a question of fact, and the workers' compensation judge's findings should not be disturbed on appeal absent manifest error or clear wrongness, even where a conflict in the evidence exists. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, writ denied, 98-2314 (La.11/13/98), 731 So.2d 265.
Yolanda and Kenneth Pennington, Sr. were married in 1973 and made their home in Louisiana. In 1990, the Penningtons physically separated and Yolanda and Kenneth Pennington, Jr. moved to Atlanta, Georgia. Ms. Pennington testified that the deceased visited regularly and provided support for her and Kenneth Pennington, Jr. However, she offered no evidence, other than her testimony, to establish dependency.
Kenneth Pennington, Jr., a student at Georgia Perimeter College at the time of trial, testified that his father offered, before his death, to pay a portion of the tuition. However, Kenneth Pennington, Jr. offered no evidence of his enrollment or attendance as a full-time student at an accredited educational institution at the time of his father's death. See LSA-R.S. 23:1251(2).
Considering the evidence presented, we cannot say the workers' compensation judge was manifestly wrong in his determination that Yolanda and Kenneth Pennington, Jr. failed to prove dependency on the deceased's earnings. Finding no error in the denial of appellants' claim for death benefits, we also find no merit to their claim for penalties and attorney's fees.
For the foregoing reasons, we affirm the judgment of the workers' compensation judge. Costs are assessed against Yolanda Pennington and Kenneth Pennington, Jr.
AFFIRMED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.