921 So.2d 1076 (2006)
Alvin A. ROGERS
v.
WACKENHUT SERVICES, INC.
No. 05-CA-459.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*1077 Janet L. Moulton, Janet Moulton and Associates, Metairie, Louisiana, for Plaintiff/Appellant.
Kevin S. Frederick, Attorney at Law, Lafayette, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
Appellants, Trina Lewis Rogers (Trina) and her sons, Alvin Rogers, Jr. (Calvin, Jr.) and Elijah Rogers (Elijah), appeal from a judgment of the Office of Worker's Compensation dismissing their claim for benefits due to the work-related death of Alvin Rogers (the decedent) while employed by Appellee, Wackenhut Services, Inc. We affirm.
The decedent was shot to death on June 25, 2003 by a co-worker, Eric Bolton, over *1078 a work-related dispute. Trina claimed survivor benefits on behalf of herself and her two minor sons, Alvin, Jr. and Elijah. Appellee challenged the allegation that Appellants were dependents of the deceased at the time of his death. Following the trial on January 5, 2003, the workers' compensation judge determined that Appellants failed to prove dependency on the decedent, concluding that Appellants were not entitled to a presumption of dependency, because they were not living with the decedent at the time of his death. Further, Appellants did not prove that they were partially dependent upon the decedent at the time of his death.
On appeal, Appellants contend that the worker's compensation judge erred in barring the introduction of a "Sally Mae" loan document on the basis of hearsay, that the worker's compensation judge erred in failing to find dependency, erred in failing to consider bank records regarding the size of deposits going into the accounts, and erred in failing to give weight to the testimony of two witnesses with regard to support provided by the decedent, as well as the amount of time Trina and children spent at the apartment shared by the decedent and Eric Bolton. Appellants also contend that a new trial should be ordered in the case.

EXCLUSION OF LOAN DOCUMENT
In her first specification of error, Appellants contend that the worker's compensation judge erred in failing to allow into evidence the "Sally Mae" loan document. They argue that he rejected it because of hearsay. They contend that the rules of evidence related to hearsay do not apply in worker's compensation cases, and that the mere fact that evidence is hearsay is not sufficient to exclude it. We agree. However, the record reflects that Appellants failed to proffer the document. It is incumbent upon counsel, who contends that a witness's testimony or evidence was improperly excluded, to make a proffer. Shaffer v. Brand Scaffold Builders, Inc., 03-0288, p. 4 (La.App. 1st Cir.12/31/03), 868 So.2d 149, 151. If he fails to do so, he cannot contend such exclusion was error. Id.; See: La.R.S. 23:1317. Thus, review of this issue is not properly before this Court.

PROOF OF DEPENDENCY
Next Appellants assert that the workers' compensation judge erred in failing to find dependency, as required for relief under the worker's compensation statute.
Trina Lewis Rogers testified that she had been married to the decedent since December 25, 1998. The family moved to Florida for a time, but on Labor Day of 2001, they moved back to Metairie, living with Joyce Lewis, Trina Lewis Rogers' mother. In November 2001, the decedent went back to Miami due to his father's illness, returning to New Orleans in January of 2002. At that time, he moved in with a woman friend, rather than with his family. The decedent later moved in with a co-worker, Eric Bolton. According to Trina Lewis Rogers, she and the children moved in with the decedent and Eric Bolton in November of 2002. Shortly thereafter, she became ill and needed surgery. Because of her illness, Appellants returned to her mother's home in February of 2003, so that her mother could help take care of her and the children.
Regarding the family's financial arrangements, in the year before he died, Trina testified that the decedent paid all or part of her car note. He also took care of the auto insurance, paid for her cell phone and her medication, and was responsible for the children's expenses, contributing $400 to $500 per month in addition to the car expenses. She said that he paid these items in cash, contributing a total of about $600-$700 per month to the household. *1079 Trina also claimed she had an ATM card with which she could withdraw money from the decedent's checking account. While she was living with her mother during her illness, she and the decedent sometimes spent time together on weekends.
The decedent's income tax returns did not list Trina as a dependent. Trina explained that it was because she had defaulted on a ten year old student loan. She admitted that when her husband first moved back from Miami in January of 2002, he moved in with a friend, "Deshanna," and Trina did not know where he was living during that period.
At trial, Appellants submitted the marriage license and the birth certificates of her children, showing that the decedent was their legal father. The decedent's income tax returns for 2002 and 2003 were also admitted, indicating that he filed as "head of household." On those, he claimed both children as dependents in 2002, and Alvin, Jr. as a dependent in 2003, although the 2003 return was prepared by a relative after the decedent's death. Bank statements were also introduced into evidence, indicating that those accounts were only in the name of the decedent, and that no checks had been written to her.
In Trina's motion, Joyce Lewis (Lewis) testified that her daughter and husband moved in with her after returning from Florida. After the decedent returned to town from Florida, following his father's illness, Trina and the children remained with Lewis. They later moved into the decedent's apartment with him, staying for about three months. However, when Trina became ill, she returned to Lewis' house with the children. Lewis testified that, during that time, Trina had a key to the decedent's apartment and would stay overnight with him occasionally.
Lewis testified that she co-signed a note on Trina's car, although it was purchased in Trina's name. Lewis said that the decedent paid the whole note. However, sometimes, he only paid half of it. Lewis claimed that the decedent contributed money to the family for clothing, a cell phone for Trina, medicine, and other necessary items.
Appellee submitted the deposition of Eric Bolton, the decedent's former room-mate, who was incarcerated for this murder. According to him, neither Trina nor the children ever lived at the apartment with Bolton and the decedent. However, he claimed that they came over quite a few weekends, sometimes during the week, and occasionally stayed for several nights. Eric Bolton stated that only the children were dropped off some of the time. However, he admitted he was rarely at home, and did not know the extent of any contributions that the decedent made to Trina and the children.
In dismissing Appellants' petition, the worker's compensation judge concluded that Trina was not a credible witness and that other evidence and other witnesses cast serious doubt upon her claim.
Because Appellants were not living with the decedent at the time of his death, they do not enjoy the conclusive presumption of dependency provided by La.R.S. 23:1251.[1] When the presumption *1080 of dependency does not apply, the question of legal and actual dependency in whole or in part shall be determined in accordance with the facts as they may be at the time of the accident and death. La.R.S. 23:1252. Such dependency "must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to the support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact." La.R.S. 23:1254.
Occasional gifts or aid do not constitute legal dependency.... Proof of dependency upon the earnings of the decedent at the time of his death must be by a preponderance of the evidence.... Dependency is a question of fact, and the workers' compensation judge's findings should not be disturbed on appeal absent manifest error or clear wrongness, even where a conflict in the evidence exists....
Ceco Concrete Const., L.L.C. v. Pennington, 01-1945, p. 2 (La.App. 1st Cir.10/2/02), 836 So.2d 164, 165 (citations omitted).
Appellee argues that the documentary evidence that is in evidence does not support Appellant's claims. In particular, it notes that, given the average daily balance of his checking account, if the decedent paid the monthly rent of $605, he could not have given Trina the amount of money she claimed to receive.
The appellate court's review of the workers' compensation judge's findings of fact is governed by the manifest error or clearly wrong standard and will not be disturbed absent such a finding. Barbarin v. TLC Home Health, 02-1054, p. 3 (La.App. 5th Cir.4/29/03), 845 So.2d 1199, 1202; Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98), 708 So.2d 375, 380. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Barbarin, 02-1054 at 34, 845 So.2d at 1202; Chaisson, 97-1225 at p. 13, 708 So.2d at 380. Where there are two permissible views of the evidence, a factfinder's choice of them can never be manifestly erroneous or clearly wrong. Barbarin, 02-1054 at 4, 845 So.2d at 1202; Chaisson, at p. 14, 708 So.2d at 381. Thus, if the factfinder's findings are reasonable in light of the record, the court of appeal may not reverse or modify the judgment. Barbarin, 02-1054 at 4, 845 So.2d at 1202; Chaisson, at p. 14, 708 So.2d at 381.
The worker's compensation judge found that Trina's testimony was not credible, and the other evidence did not prove by a preponderance that the decedent was providing financial support for the family. Trina's testimony was only corroborated by her mother. Based on the evidence, we find that the worker's compensation judge's conclusions were reasonable in light of the entire record. Thus, we find that the worker's compensation judge did not commit manifest error in denying benefits to Appellants.

NEW TRIAL
Appellants argue that the case should be remanded for a new trial because evidence has arisen since the judgment. Because there is no procedure in worker's compensation cases for a motion for new trial, the only remedy is a remand for the judge to consider the new evidence. The alleged new evidence in the case is the cell phone bill records. Appellants were aware of the bills, but were unable to obtain them from the provider prior to trial. They contend that since the trial, they have been able to obtain the records. Trina attached an affidavit to the motion for remand filed in this Court to show how she was able to obtain the records.
The record does not reflect whether this issue was placed before the worker's *1081 compensation judge. In addition, Appellee filed a Motion to Strike the affidavit and other documents attached to Appellants' brief that was not admitted into evidence in the trial court. As this Court has no authority to consider evidence presented for the first time in the appeal, we cannot consider the documents. Thus, we will not address this issue and will furthermore grant appellee's Motion to Strike.
Accordingly, the judgment of the worker's compensation court is affirmed. The Motion to Strike of Appellee is granted. Costs of the appeal are to be paid by Appellants.
AFFIRMED; MOTION TO STRIKE GRANTED.
EDWARDS, J., dissents.
EDWARDS, J., dissents.
In dismissing Mrs. Rogers' petition, the court gave no particular instances and cited no specific evidence that may have led it to conclude that Mrs. Rogers was not a credible witness. Mrs. Rogers testified that she had no income other than monies given by her husband. Her testimony, that her husband gave her cash for herself and the children and paid for necessary items such as her medication, insurance, and phone, is uncontradicted by any evidence and are supported by the testimony of her mother. The bank statements submitted at trial evidence only that Mr. Rogers did not write checks to her. On the other hand, a number of ATM cash withdrawals and bank card purchases were made on both checking accounts.
Wackenhut urged at trial that, given the average daily balance of his checking account, if Mr. Rogers paid the monthly rent of $605, he could not have given his wife the amount of money she claimed to receive. However, according to Mrs. Rogers' undisputed testimony, his roommate, Eric Bolton, paid Mr. Rogers $300 in cash for his half of the rent. Wackenhut points out that there was only one deposit in the amount of $300 that may have evidenced any cash payment by Bolton. This evidence, or lack thereof, does not support Wackenhut's position in the absence of any indication that Mr. Rogers regularly deposited any payments made to him by Bolton.
I note the trial court made no negative findings on the credibility of Mrs. Rogers' mother, Joyce Lewis, whose testimony directly supported that of her daughter. Further, the income tax returns admitted into evidence support a conclusion that the minor children, at the very least, are entitled to a finding of dependency. In the instant case, I see no conflict in the evidence regarding the support of Mrs. Rogers and the children to support the trial court's credibility determination, and, in my opinion, the trial court was manifestly erroneous in its finding that she failed to prove her case.
For these reasons, I respectfully dissent.
NOTES
[1] La.R.S. 23:1251 provides:

The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution