STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1057

KAREN EDWARDS

VERSUS

TRANSWESTERN PUBLISHING, LLC

**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT FOUR
PARISH OF LAFAYETTE, DOCKET NO. 03-02437
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**************
**MARC T. AMY**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Cooks, J., dissents and assigns written reasons.**

Jacqueline B. Manecke
111 Mercury Street
Lafayette, LA   70503
(337) 237-7171
COUNSEL FOR CLAIMANT/APPELLANT:
    Karen Edwards

Troy Allen Broussard
Allen & Gooch (A Law Corporation)
Post Office Drawer 3768
Lafayette, LA   70502-3768
(337) 291-1000
COUNSEL FOR DEFENDANT/APPELLEE:
    Transwestern Publishing, LLC

AMY, Judge.

The claimant alleged entitlement to workers' compensation benefits stemming from an incident she asserted was an independent work-related accident or, later, an aggravation of a previous work-related injury. Due to the claimant's death during the litigation, her husband represented the claimant's interest and asserted that he was entitled to death benefits. Summary judgments were granted finding that the incident was not an independent work-related accident and that, with regard to aggravation of an injury, a claim for indemnity benefits other than supplemental earnings benefits had prescribed. The workers' compensation judge also denied the husband's claim for death benefits. The claimant's husband appeals. We affirm.

## Factual and Procedural Background

The record indicates that, during Karen Edwards Vincent's[1] employment as an outside salesperson with Transwestern Publishing, LLC (Transwestern), she was injured in a work-related automobile accident in January 1998. As a result, she underwent a laminectomy at the C6 level in 1999. While she eventually returned to work and indemnity benefits were last paid in August 2001, she remained under a pain management physician's care for her neck complaints. Transwestern continued to pay for her medical treatment.

The instant matter stems from an October 28, 2002 fall at Mrs. Vincent's home. She alleged that on that date, a Sunday, she was preparing to leave town for a week of work in and around Beaumont, Texas, when she fell in her garage. Mrs. Vincent asserted that, as a result, she again sustained injury to her neck which required injections in the cervical region. Mrs. Vincent also reported that the level of her

---

[1] As reflected in the caption, the claimant was unmarried at the time of the filing of this suit. Thereafter, she married Charles Vincent. This opinion references Mrs. Vincent by her married name.

medications was increased by her physician. Within several days of the fall, her physician placed her on no-work status.

Mrs. Vincent filed this claim on April 4, 2003. She alleged that she "was in [the] course and scope of her employment when she slipped and fell while loading her books into her car." She listed October 28, 2002 as the date of accident and sought benefits as well as penalties and attorney's fees for what she alleged was the insurer's arbitrary and capricious handling of the claim.

Transwestern and its insurer, Wausau Insurance Company (Wausau), filed a motion for summary judgment, asserting that the October 2002 fall did not arise out of and in the course of Mrs. Vincent's employment. In addition to the occurrence of the fall at home, they point out that Mrs. Vincent intended to travel from her home to Beaumont on Sunday at her own expense, ahead of her scheduled Monday appointments. They also observed that Mrs. Vincent intended to attend church services and shop for personal items prior to leaving town. The workers' compensation judge granted the motion for summary judgment in September 2004 and dismissed the claim. It permitted fifteen days for amendment of the pleadings to allege a cause of action.

In a supplemental petition, Mrs. Vincent alleged that the October 2002 fall aggravated her pre-existing work-related injury. The record indicates that, following Mrs. Vincent's death on April 23, 2005, Charles Vincent, Mrs. Vincent's husband, was substituted as the party plaintiff. Mr. Vincent also amended the petition and asserted entitlement to death benefits under La.R.S. 23:1231.

Transwestern and Wausau filed a second motion for summary judgment and pointed to the fact that the final installment of indemnity benefits provided for Mrs.

2

Vincent's January 1998 automobile accident was paid in August 2001 and that suit on the alleged aggravation of that injury was not filed until April 2003. They argued that this time period indicates that the claim for temporary total disability benefits had prescribed. They also refuted Mr. Vincent's claim for death benefits since he and Mrs. Vincent were not married at the time of the January 1998 accident.

The workers' compensation judge granted the motion for summary judgment and found that Mrs. Vincent's claims for temporary total, partial permanent and permanent and total disability benefits had prescribed. While those claims were dismissed, the workers' compensation judge determined that any claim Mrs. Vincent had for supplemental earnings benefits had not prescribed and could be maintained. The workers' compensation judge also denied Mr. Vincent's claim for death benefits.

Mr. Vincent appeals the summary judgment and assigns the following as error:

[1.]   The workers' compensation judge erred in holding that Mrs. Vincent was not in the course and scope of her employment and that her accident did not arise out of her employment when she slipped and fell at her home while loading materials and equipment into her vehicle for work when she was a traveling sales person and was required to load the materials into her vehicle in order to perform the duties of her job.

[2.]   The workers' compensation judge erred in holding that Mrs. Vincent's claim for temporary total, partial permanent and permanent and total disability benefits had prescribed when she sustained an aggravation of a pre-existing work related injury and suit was filed within one year from the date of the aggravation on October 28, 2002, and her claim for indemnity benefits did not arise until the aggravation occurred.

[3.]   The workers' compensation judge erred in holding that Mr. Vincent, as surviving spouse of Mrs. Vincent had no right of action nor cause of action under Louisiana Revised Statute 23:1231 when Mr. Vincent was married and living with Mrs. Vincent at the time of her death and presumed dependent on her pursuant to Louisiana Revised Statute 23:1251.

3

**Discussion**

*Summary Judgment*

All issues under review stem from summary judgments granted by the workers' compensation judge. Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." An appellate court reviews a summary judgment *de novo* and uses the same criteria that governed the trial court's consideration of whether the summary judgment should be rendered. *Kennedy v. Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669.

*Arising out of and in the course of employment*

Mr. Vincent first questions the September 2004 summary judgment which determined that Mrs. Vincent's October 28, 2002 fall at her home did not arise out of and was not in the course of her employment. He points to Mrs. Vincent's testimony indicating that she was loading work materials into her vehicle at the time of the fall and that she was doing so in preparation to leave town for her sales position.[2]

---

[2] Transwestern and Wausau assert that the September 2004 judgment constituted an appealable, final judgment and that, since no appeal was taken from that judgment, Mr. Vincent may not now question whether the October 28, 2002 fall arose out of and in the course of Mrs. Vincent's employment. This is not a straightforward issue as the September 2004 judgment dismissed the totality of Mrs. Vincent's claims as they existed at that time, but the judgment further permitted Mrs. Vincent "15 days from the signing of this Judgment to amend her pleadings to set forth a cause of action." This statement is deceptive as it would appear that the motion was treated as an exception of no cause of action which could potentially have been amended. Here, however, it is apparent that the pleading was actually one for summary judgment as the workers' compensation judge's ruling obviously relied on the parties' evidence presented in support of and in opposition to the motion.

In *McMath Construction Co., Inc. v. Dupuy*, 03-1413, p. 8 (La.App. 1 Cir. 11/17/04), 897 So.2d 677, 683, *writ denied*, 04-3085 (La. 2/18/05), 896 So.2d 40, the first circuit explained that:

[J]ust as it is erroneous to grant a dismissal without prejudice after a trial on the

4

Louisiana Revised Statutes 23:1031 provides:

> A. If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.

As a general rule, an accident occurring while an employee is traveling to or from work is not one considered to have occurred within the course and scope of his or her work and, thus, is not compensable as a workers' compensation claim. *McLin v. Indus. Specialty Contractors, Inc.*, 02-1539 (La. 7/2/03), 851 So.2d 1135. The jurisprudence has recognized exceptions to this general rule, such as: 1) if the accident occurred on the employer's premises; 2) if the employee was on a specific mission for the employer; 3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement by either contractually providing for transportation or by reimbursement of the travel expenses to the employee; 4) if the employee was performing work for the employer and circumstances indicated that the employer's consent could be fairly implied; 5) if the injury occurred while traveling to/from one work site to another; 6) if the injury occurred in an area immediately adjacent to his/her work place and the area contained

merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates there is nothing left to determine, and the law requires judgment to be entered for one party. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 27,611 (La.App. 2nd Cir.12/6/95), 665 So.2d 661, 664.

S*ee also Vega v. Wal-Mart Stores, Inc.*, 03-2239 (La.App. 1 Cir. 9/17/04), 888 So.2d 242. Just as Mrs. Vincent failed to avail herself of immediate review of the judgment, and instead amended her petition, Transwestern and Wausau failed to pursue review of the determination to allow amendment of the petition. In fact, they do not make this specific argument here, but instead argue merely that the judgment is a final one. As it has not yet been subject to judicial review, we consider the September 2004 summary judgment. *See* La.Code Civ.P. art. 2164.

a distinct travel risk to the employee; and 7) if the operation of the vehicle was one of the employee's duties of employment. *Id*.

None of these exceptions are present in this case and, in fact, Mrs. Vincent's travel had not yet begun. Rather, she was at her home in Lafayette and was loading her vehicle in the pre-dawn hours of the day *before* she was to report to Beaumont, her out-of-town work locale. Prior to leaving, she intended to attend church services and do some personal shopping. Afterwards, she was traveling to Beaumont and was spending the night in a hotel at her own expense. Neither was Transwestern providing a *per diem* for the Sunday travel. Rather, according to Mrs. Vincent's testimony, the *per diem* was typically provided beginning with the first day of work in Beaumont. Given these factors, the summary judgment determining that Mrs. Vincent's October 2002 fall was not an independent, work-related accident was appropriately rendered.

This assignment lacks merit.

*Prescription*

With the question of whether the fall was an independent accident resolved, Mrs. Vincent's claim continued in the workers' compensation court as one for aggravation of her work-related injury. The summary judgment granted in June 2006 determined that the claims for "temporary total, partial permanent and permanent and total disability benefits have prescribed and are hereby dismissed[.]" In his second assignment of error, Mr. Vincent questions this determination and asserts that prescription began to run from October 28, 2002, the date of the "disability," not the date of the initial accident.

This issue is resolved by reference to La.R.S. 23:1209, which provides:

## § 1209.    Prescription; timeliness of filing; dismissal for want of prosecution

A.    In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. *Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).* Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

(Emphasis added.)

The 1998 automobile accident is the determinative event, since the subsequent fall was found not to be work related. Indemnity benefits for Mrs. Vincent's automobile accident were last paid in August 2001. The statute specifically addresses this situation and provides for the prescriptive period to begin running from the date of the last payment and contains no provision for related injuries that arise after this period. Here, the period began running at the time of the final indemnity payment in August 2001. The present claim was filed in April 2004, well after the applicable one-year prescriptive period. As for any claim that Mrs. Vincent might have had for supplemental earnings benefits pursuant to La.R.S. 23:1221(3), the workers' compensation judge recognized that the three-year period applicable to this type of benefit had not expired. The judgment reflects this distinction.[3]

---

[3] The judgment provides:

> IT IS ORDERED, ADJUDGED AND DECREED that the claims of Karen Edwards for temporary, total, partial permanent and permanent and total disability

This assignment lacks merit.

*Death Benefits*

In the final assignment, Mr. Vincent appeals the determination that he is not entitled to receive workers' compensation death benefits because he was not dependent on Mrs. Vincent's income at the time of both the accident *and* her death. He asserts that, because he and Mrs. Vincent were married and living together at the time of her death, he is presumed dependent and entitled to benefits.

Louisiana Revised Statutes 23:1231 provides for workers' compensation death benefits as follows:

> **§ 1231.      Death of employee; payment to dependents; surviving parents**
>
>      A.      For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, *actually and wholly dependent upon his earnings for support at the time of the accident and death*, a weekly sum as provided in this Subpart.

(Emphasis added.)

Mr. Vincent points out that he and Mrs. Vincent began living together in 1999 and returns to his assertion that the October 2002 fall should be considered the date of the accident. Furthermore, he contends that he should be presumed to be "actually and wholly dependent" as is required by La.R.S. 23:1231, due to La.R.S. 23:1251.[4]

---

benefits have prescribed and are hereby dismissed, with prejudice;

     IT IS ORDERED, ADJUDGED AND DECREED that any claim of Karen Edwards for supplemental earnings benefits has not prescribed and may be maintained[.]

[4] Louisiana Revised Statutes 23:1251 provides:

**§ 1251.      Persons conclusively presumed dependents**

     The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:

8

Mr. Vincent's argument fails in two respects. First, La.R.S. 23:1231 lists the "accident" as the qualifying time period, not the "injury." The fact that the January 1998 automobile accident was the determinative event for workers' compensation benefits was resolved below and confirmed above. Thus, Mr. Vincent was not a legal dependent at the time of the accident.

The argument further fails in reliance on La.R.S. 23:1251 as determinative of whether Mr. Vincent qualified for death benefits under La.R.S. 23:1231. Certainly La.R.S. 23:1251 bestows a conclusive presumption of dependency for surviving spouses who were living with the employee at the time of the accident *or* death. However, La.R.S. 23:1251 is focused upon the financial aspect of dependency and whether a surviving spouse is required to prove financial reliance on the employee's wages.[5] It does not address the existence of the actual relationship as does La.R.S. 23:1231. Furthermore, La.R.S. 23:1254 provides:

### § 1254.    Dependency at the time of accident and death

*In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death*, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.

---

(1)    A surviving spouse upon a deceased spouse with whom he or she is living at the time of the *accident or death*.

(Emphasis added.)

[5] The seeming friction between La.R.S. 23:1231 and La.R.S. 23:1251 can be seen in two decisions by this court, *McClure v. City of Pineville*, 06-279 (La.App. 3 Cir. 12/6/06), 944 So.2d 795 and *Johnson v. City of Lake Charles*, 04-455 (La.App. 3 Cir. 9/29/04), 883 So.2d 521. Those cases, however, involve different factual situations in that the existence of the *relationship* at both relevant times was not at issue. Rather, *McClure* and *Johnson* involved situations in which employees developed an employment-related disease after employment had ceased and focused on whether the surviving spouse could be viewed as being dependent on the employee's "earnings" at the time of death since the employee was no longer receiving employment wages. Neither *McClure* nor *Johnson* references La.R.S. 23:1254 nor do they distinguish *Ekere v. Dupont Chemical Plant*, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, *writ denied*, 00-0778 (La. 4/28/00), 760 So.2d 1181, discussed below.

(Emphasis added.) This language, which is concordant with La.R.S. 23:1231, returns to the concept that the "relation" must exist at the time of the accident *and* death. It does not focus solely on the financial aspect of dependency on the employee's wages.

In light of the statutory language, the workers' compensation judge correctly entered summary judgment in favor of the employer on the issue of death benefits. Mr. Vincent could not establish dependency at the time of Mrs. Vincent's 1998 accident *and* at the time of her 2005 death. *See also Ekere v. Dupont Chemical Plant*, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, *writ denied*, 00-0778 (La. 4/28/00), 760 So.2d 1181, wherein the fifth circuit addressed a factually similar case in which a spouse, who was not married to the employee at the time of the accident, claimed entitlement to death benefits. The court affirmed the denial of benefits pursuant to La.R.S. 23:1254, stating that it "connotes a legislative intent to require a claimant to be dependent on the decedent on the date of the event that causes the injury, not the date on which the injurious results of the accident occurs." *Id.* at 36.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the workers' compensation judge's ruling is affirmed. All costs of this proceeding are assessed to the appellant, Charles Vincent.

**AFFIRMED.**

10

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1057

CHARLES VINCENT ON BEHALF OF
KAREN EDWARDS

VERSUS

TRANSWESTERN PUBLISHING, L.L.C. AND
WAUSAU INSURANCE COMPANY

COOKS, J., dissents.

I respectfully dissent from that portion of the majority opinion finding Charles

Vincent, as the surviving spouse, has no claim for death benefits because he was not

married to Mrs. Vincent at the time of the work-related accident *and* at the time of

death. The majority opinion burdens the surviving spouse with an additional element

of proof which is not required by La.R.S. 23:1251, and is in conflict with *McClure*

*v. City of Pineville*, 06-279 (La.App. 3 Cir. 12/6/06), 944 So.2d 795, a recent decision

by this court. The majority cites no prior case in this circuit where death benefits

were denied to a surviving spouse living with the deceased employee at the time of

death because the spouse was not married to the deceased at the time of the accident.

The majority opinion states:

> Certainly La.R.S. 12:1251 bestows a conclusive presumption of
> dependency for surviving spouses who were living with the employee
> at the time of the accident *or* death. However, La.R.S. 23:1251 is
> focused upon the financial aspect of dependency and whether the
> surviving spouse is required to prove financial reliance on the
> employee's wages.[fn. 5] Furthermore, La.R.S. 23:1254 provides: *In all*
> *cases provided for under this Part the relation or dependency must exist*
> *at the time of the accident and at the time of death. . . .* (Emphasis
> added.) This language, which is concordant with La.R.S. 23:1231,
> returns to the concept that the "relation" must exist at the time of the
> accident *and* death. It does not focus solely on the financial aspect of
> dependency on the employee's wages.

The opinion focuses solely on the "relation" language of La.R.S. 23:1254,

relates it back to language in La.R.S. 23:1231 and concludes Mr. Vincent, although

presumed to be dependent, must also prove "relation" at the time of the accident *and* at the time of death. Since Mr. Vincent was not married to Karen Edwards at the time of the accident *and* at the time of her death, the majority concludes that an essential temporal element to Mr. Vincent's claim is absent. However, the majority neglects to observe this same provision allows a claimant to prove either relationship *or* dependency. Dependency, in the case of a surviving spouse, is satisfied by relying on the conclusive presumption contained in La.R.S. 23:1251, and therefore "relation" need not be proved. Moreover, the conclusive presumption of dependency for a surviving spouse living with the deceased (La.R.S. 23:1251) is broadly defined and attaches at the time of the accident *or* at the time of death.

The majority attempts to distinguish this case from *McClure*, which I respectfully submit cannot be distinguished. In footnote #5, the majority states:

> The seeming friction between La.R.S. 23:1231 and La.R.S. 1251 can be seen in two decisions by this court. *McClure v. City of Pineville.* . . and *Johnson v. City of Lake Charles* . . . Those cases, however, involve different factual situations in that the existence of the *relationship* at both relevant times was not at issue. Rather, *McClure* and *Johnson* involved situations in which employees developed an employee-related disease after employment had ceased and focused on whether the surviving spouse could be viewed as being dependent on the employee's "earnings' at the time of death since the employee was no longer receiving employment wages. Neither *McClure* nor *Johnson* references La.R.S. 23:1254.

In attempting to distinguish *McClure* the majority notes, in *McClure*, the issue of proof of "relationship" was never raised. This issue was not raised in *McClure* because it was not a necessary element of proof. The surviving spouse living with the deceased employee is not required to offer proof of "relationship." In *McClure*, the defendants raised the issue of dependency and argued La.R.S. 23:1231 required a surviving spouse living with the deceased at the time of death to come forward with proof that she was dependent "on his earnings for support at the time of the accident

2

and death." This court correctly rejected any limitation on the conclusive presumption of dependancy in favor of a surviving spouse *living with the deceased employee.* This court stated:

> The presumption of Section 1251 appears to fall short of satisfying the requirements of Section 1231, but La.R.S. 23:1255 clarifies that it does not. Section 1255 provides: "No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support." The jurisprudence interpreting Section 1255 makes it clear that a spouse living with the deceased at the time of death is conclusively presumed to be "wholly and actually dependent on the deceased for support." *See Haynes v. Loffland Bros. Co.,* 215 La. 280, 291, 40 So.2d 243, 247 (1949), where the court observed: "the courts have consistently held that both relationship and contribution to support at the time of injury and death must be proved in all cases where dependency is *not* conclusively presumed." (Emphasis added.) *Therefore, where dependency is conclusively presumed, relationship and contribution to support need not be proved.*"

*Id.* at 7.(Emphasis added.)

I respectfully submit the majority's legal holding in this case squarely conflicts with this court's pronouncement in *McClure* that "where dependency is conclusively presumed, relationship and contribution to support need not be proved." Aside from making this Court, as a whole, appear schizophrenic in its interpretation of the referenced provisions, the present panel's holding will lead to absurd results.

The statutory scheme for the recovery of death benefits is provided for in La.R.S. 23:1231 through La.R.S. 23:1255. Louisiana Revised Statutes 23:1231(A) provides, in relevant part:

> For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.

The right of a surviving spouse and children to recover death benefits is specifically provided for in La.R.S. 23:1251 and La.R.S. 23:1255.

3

Louisiana Revised Statutes 23:1251 provides, in relevant part:

The following persons shall be *conclusively presumed to be wholly and actually dependent* upon the deceased employee:

> (1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.

> (2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution. (emphasis added.)

Louisiana Revised Statutes 23:1255 provides, in relevant part:

> No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support.

The conclusive presumption of dependency in favor of the surviving spouse and children is a "rule of substantive law" and allows the recovery of benefits without further proof of relationship or contribution to support. La.Code of Evid. art. 303; *McClure v. City of Pineville*, 06-279 (La.App. 3 Cir. 12/6/06), 944 So.2d 795, quoting *Haynes v. Loffland Bros. Co.*, 215 La. 280, 40 So.2d 243 (1949).[1] The surviving spouse and children living with the deceased at the time of injury or death "enjoy[s] the conclusive presumption of dependency established by LSA-R.S. 23:1251." *Ceco Concrete Construction, L.L.C. v. Pennington*, 02-1945, p. 2 (La. App. 1 Cir. 10/2/02), 836 So.2d 164, 165; *McClure v. City of Pineville*, 944 So.2d 795. "The surviving spouse living with the deceased at the time of the accident or death is presumed to be actually and wholly dependent. So is a child under 18 (or over 18, if physically or mentally incapacitated from earning) who lives with the parent at the time of the

---

[1] Louisiana provides for two kinds of presumptions - conclusive and rebuttable. Louisiana Code of Evidence Article 303 provides: "A 'conclusive presumption' is a rule of substantive law and is not regulated by this Chapter." Louisiana Code of Evidence Article 304 provides: "Presumptions regulated by this Chapter are rebuttable presumptions and therefore may be controverted or overcome by appropriate evidence."

injury, and a child up to the age of 23 if that child is enrolled and attending as a full-time student in any accredited educational institution." 14 La.Civ. L. Treatise, *Workers' Compensation Law and Practice § 302* (4th ed.).

The conclusive presumption applies only if the spouse is legally married to and living with the employee at the time of injury or death. If the defendant asserts a surviving spouse is not living with the deceased at the time of injury or death, La.R.S. 23:1255 applies and the spouse must establish he/she "was then actually dependent upon the deceased spouse for support." La.R.S. 23:1255*; Ceco,* 836 So.2d 164; *Rogers v. Wackenhut Services, Inc.*, 05-459 (La.App. 5 Cir. 1/17/06), 921 So.2d 1076. "If the spouse is unable to show that she (or he) was living with the deceased, she may still be entitled to compensation if she succeeds in establishing the fact that she was wholly or partially dependent upon him. . . Thus the concept of living with the deceased at the time of the accident or death has acquired considerable importance, and has been the subject of a great deal of litigation." 14 La.Civ. L. Treatise, *Workers' Compensation Law and Practice* § 304 (4th ed.)

The right to death benefits of all other claimants, other than the legal spouse and children, is governed by La.R.S. 23:1252 through La.R.S. 23:1254. "[I]n all cases (except where the dependency of the spouse and child is conclusively presumed), the claimant must prove dependency by establishing both a need for support and also the fact that contributions to his support were actually made by the deceased during the latter's lifetime. The Act provides that 'the mere expectation or hope of future contribution to support' will not suffice as proof of dependency." 14 La.Civ. L. Treatise, *Workers' Compensation Law and Practice § 309* (4th ed.).

Louisiana Revised Statutes 23:1252 provides, in relevant part:

> In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they

may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.

Louisiana Revised Statutes 23:1253 provides, in relevant part:

If there is no one wholly dependent and more than one person partially dependent, so much of the death benefit as each is entitled to shall be divided among them according to the relative extent of their dependency. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.

Louisiana Revised Statutes 23:1254 provides, in relevant part:

In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.

Louisiana Revised Statutes 23:1254 applies to an "alleged dependent" who must submit "proof of dependency as a fact" in order to recover benefits. However, the surviving spouse (and children) living with the deceased are "conclusively presumed to be wholly and actually dependent" and no further proof is required. Despite the clear language of La.R.S. 1251 and 23:1255, the majority citing La.R.S. 23:1254 finds the surviving spouse must prove legal relationship at the time of the accident *and* death. The workers' compensation judge denied benefits because Mr. Vincent could not prove dependency at the time of the accident *and* death. Mr. Vincent attempted to establish dependency by testifying he was living with Karen Edwards at the time of the slip and fall of October 28, 2002. However, the workers' compensation judge found the only relevant date for recovery of benefits was the date of the original work-related accident which occurred on January 30, 1998. Since Mr. Vincent did not even know Karen Edwards at the time of the work-related accident,

6

the trial court found he could not satisfy the proof required of La.R.S. 23:1254. The workers' compensation judge stated:

> This dispute centers on whether Charles Vincent's claim fails because he was not dependent upon Karen Edwards at the time of her work accident. La.R.S. 23:1231(A) provides for the payment of death benefits to the "legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident **and** death . . ." (emphasis supplied.) La.R.S. 23:1251(1) provides that a surviving spouse who was living with the deceased at the time of the accident or death is conclusively presumed to be wholly and actually dependent upon the deceased employee.
> . . . .
> In <u>Ekere v. Dupont Chemical Plant</u>, 757 So.2d 33 (La.App. 5 Cir. 5/16/00), the court granted summary judgment to the employer against the claim of the surviving spouse who was married to the employee at the time of death, but not at the time of the accident based upon the language of 23:1254. Mr. Vincent urges that the date of October 28, 2002 aggravation be used, at which time he and Ms. Edwards were living together. However, as with the analysis pertaining to indemnity benefits, the WCJ holds that the "accident" referred to is the original work accident, not the subsequent aggravation of the injury away from the work place. Therefore, the Motion for Summary Judgment will be granted, dismissing Mr. Vincent's claim for death benefits, since he was not dependent upon Karen Edwards at the time of her accident.

Only two other circuit courts and the present panel have adopted the reasoning of the workers' compensation judge and placed an additional burden of proof on a surviving spouse by requiring the spouse prove dependency at the time of the accident *and* death. In *Ekere v. Dupont Chemical Plant*, 99-1027 (La.App. 5 Cir. 2/16/00), 757 So.2d 33, *writ denied*, 00-778 (La. 4/28/00), 760 So.2d 1181, the surviving spouse filed a disputed claim for death benefits alleging his spouse died from an exposure to various chemicals while in the course and scope of employment. The claimant was not married to the decedent at the time of the accident. The court found the claimant was entitled to a presumption of dependency at the time of the spouse's death, but seized on the language of La.R.S. 23:1254 and held in order to receive workers' compensation death benefits, the widower must also establish he was dependent on the decedent at the time of the accident. Since the claimant was not

married to the decedent at the time of the accident, he was not dependent and therefore not entitled to death benefits.

In *Arledge v.Dolese Concrete Co.*, 00-363 (La.App. 1 Cir. 6/6/01), 807 So.2d 876, *writ denied*, 01-2357 (La. 11/16/01), 802 So.2d 617, the appellate court applied language contained in La.R.S. 23:1231,  and held that the widow of the deceased employee was not "actually and wholly dependent" on her husband's "earnings for support at the time of the accident and death", because the deceased was receiving social security retirement benefits, not earnings from the employer, at the time of his death.

However, previous panels of this court in *Johnson v. City of Lake Charles*, 04-455 (La.App. 3 Cir. 9/29/04), 883 So.2d 521 and *McClure v. City of Pineville*, 3498300, p. 6 (La.App. 3  Cir. 12/6/06), 944 So.2d 795 have declined to follow *Ekere* and *Arledge.*  In *Johnson*, the employee was diagnosed and died of lung cancer twenty-five years after his retirement.  At the time of his death he was receiving a retirement pension from the City of Lake Charles and social security.  His surviving spouse filed a claim for death benefits.  The City of Lake Charles argued the widow was not entitled to benefits because her husband was not receiving benefits at the time of death.  This court declined to follow *Arledge* stating: "To apply *Arledge* would be to leave the widows of many employees without a remedy solely because of the date of the employees' death, despite the clear language of the statute.  In other words, it would require that the focus be on the fortuity of the timing of the progression of the disease and not its relation to the employment situation." *Johnson v. City of Lake Charles*, 883 So.2d at 525.

In *McClure*, the claimant was the widow of a firefighter and the defendants were the City of Pineville and its compensation carrier, Louisiana Workers' Compensation

Corporation (LWCC). The defendants argued the presumption of La.R.S. 23:1251 does not relieve the spouse of proving she was actually and wholly dependent upon his earnings for support. This court rejected that argument stating:

> The presumption of Section 1251 appears to fall short of satisfying the requirements of Section 1231, but La.R.S. 23:1255 clarifies that it does not. Section 1255 provides: "No compensation shall be payable under this Part to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support." The jurisprudence interpreting Section 1255 makes it clear that a spouse living with the deceased at the time of death is conclusively presumed to be "wholly and actually dependent on the deceased for support." *See Haynes v. Loffland Bros. Co.*, 215 La. 280, 291, 40 So.2d 243, 247 (1949), where the court observed: "the courts have consistently held that both relationship and contribution to support at the time of injury and death must be proved in all cases where dependency is *not* conclusively presumed." (Emphasis added.) Therefore, where dependency is conclusively presumed, relationship and contribution to support need not be proved."

*Id.* at 7.

Mr. Vincent was married to and living with Karen at the time of her death on April 23, 2005. As the surviving spouse he was entitled to the conclusive presumption of dependency provided for under La.R.S. 23:1251(A). The same rule applies to children of the deceased. No proof of relationship or dependency at the time of the accident and death is required for these two classes of individuals. To hold otherwise would deprive children, who were not conceived at the time of the work-related injury, of benefits when their mother dies as a direct result of the injury but subsequent to their birth. Such an unjust result was never intended by the legislature. Thus, La.R.S. 23:1251 was enacted to relieve children (and the surviving spouse living with the deceased) of the burden of proof of dependency. The remaining provisions are applicable to other claimants. The legislature, in its wisdom, requires all *other* claimants to present proof of dependency at the time of the accident and death.

I respectfully disagree with the present panel opinion in failing to apply the conclusive presumption of dependency contained in La.R.S. 23:1251 and requiring Mr. Vincent to submit proof of relationship at the time of the accident *and* death.[2]

---

[2] In order to ultimately prevail on his claim for death benefits, Mr. Vincent must establish Karen's death was work-related.