ANA ABIGAIL GONOGORA

VERSUS

TAQUERIA LA CONQUISTADORA

NO. 22-CA-392

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7, STATE OF LOUISIANA
NO. 20-1125
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING


May 03, 2023


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst


**<u>AFFIRMED</u>**
  **SJW**
  **SMC**
  **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
ANA ABIGAIL GONOGORA
     Cesar R. Burgos
     Robert J. Daigre
     Gabriel O. Mondino
     George M. McGregor
     Leila M. Bonilla
     William R. Penton, III.

COUNSEL FOR DEFENDANT/APPELLANT,
TAQUERIA LA CONQUISTADORA
     Michael H. Idoyaga

**WINDHORST, J.**

In this matter, defendant/appellant, Taqueria La Conquistadora ("Taqueria" or "defendant"), appeals the May 16, 2022 workers' compensation court's judgment ordering Taqueria to pay plaintiff/appellee, Ana Abigail Gongora, temporary total disability benefits, supplemental earnings benefits, past and future medical expenses, penalties, and attorney's fees. Upon review, we affirm the judgment of the workers' compensation court.

**FACTS and PROCEDURAL HISTORY**

On February 14, 2020, Ms. Gongora filed a disputed claim for compensation against Taqueria for injuries resulting from a slip and fall that occurred while working at Taqueria on December 9, 2019. She claimed she injured her head, neck, right shoulder, and back. In the disputed claim form, she indicated that no medical treatment had been authorized, and that no wage benefits had been paid. She also stated that Carolina, a co-worker, witnessed the accident.

Defendant answered the disputed claim form, denying that Ms. Gongora injured herself while working. Defendant asserted that Ms. Gongora worked for Taqueria for one day, and that the owner had no recollection or record of her suffering an injury.

The workers' compensation court issued a scheduling order on December 12, 2020, setting trial for March 15, 2021. This trial date was eventually continued, and trial took place on March 10, 2022. The scheduling order stated that the discovery deadline was 30 days prior to trial, and that trial exhibits and witness lists shall be filed on the day of trial.

On January 10, 2022, Ms. Gongora filed a motion to strike defenses against defendant for failing to participate in discovery. Therein, Ms. Gongora sought to strike all of defendant's evidence that Ms. Gongora was not working at the time she was injured. Ms. Gongora asserted that she had served defendant with a subpoena

*duces tecum* for documents, along with her notice of deposition. At the deposition, defendant failed to produce any documents or a verification for its discovery responses, which Ms. Gongora had previously requested. In the motion, Ms. Gongora asserted that Taqueria's owner, Ms. Carmen Diaz, had represented at her deposition that defendant would produce the documents, as well as the verification for the discovery responses.

Ms. Gongora also stated in the motion that defendant had refused to participate in court-scheduled mediation, and had only retained counsel on the eve of the hearing to confirm a default, which was based on defendant's failure to respond to the disputed claim form. In support of her contention that defendant was uncooperative, Ms. Gongora also pointed out that defendant had previously requested a continuance of the July 21, 2021 trial date due to Taqueria's owner being out-of-town attending to a medical issue for her daughter, but never produced any evidence supporting this request.

In the motion, Ms. Gongora further argued that defendant was only interested in delaying the progress of her claim and asked the court to strike all of defendant's defenses. Alternatively, she asked the court to issue an order compelling defendant to produce the requested documents.

After a hearing, by judgment dated March 4, 2022, the workers' compensation court denied Ms. Gongora's motion to strike in part and granted the motion in part, ordering defendant to produce several requested documents. The court also awarded Ms. Gongora sanctions and attorney fees. The order stated that, "Failure to comply with the above Orders may result in further sanctions imposed by the Court and reconsideration of Claimant's Motion to Strike." Defendant did not produce the requested documents as ordered.

On March 10, 2022, the day of trial, Ms. Gongora orally objected to defendant's newly-announced witness, Carolina Diaz, asserting that defendant

informed her on March 8, 2022, two days before trial, that Carolina Diaz would be a witness. The workers' compensation court granted the oral motion to strike Carolina as a witness based on defendant's untimely notice two days before trial that she would be a witness.

At trial, the Court heard live testimony from Ms. Gongora and Ms. Diaz, Taqueria's owner. Based on the testimony and evidence presented, the workers' compensation court found that Ms. Gongora had established that an injury occurred in the course and scope of her employment and awarded benefits, penalties, and attorney's fees.

**LAW and ANALYSIS**

In its only assignment of error, defendant asserts that the workers' compensation court erred in striking Carolina Diaz as a witness for the defense of this claim. Defendant contends that the workers' compensation court erroneously found its notice of this witness untimely. Defendant argues that Carolina was well known to Ms. Gongora for approximately three years before the trial, and that her counsel had the opportunity to depose her or otherwise question her. Defendant relies on the fact that on her disputed claim form, Ms. Gongora listed Carolina as a witness, specifically "Carolina, who was mopping, witnessed the accident." Defendant also argues that the pretrial order does not mention witnesses.

As an initial matter, it is well-settled that in order for this court to review evidence deemed inadmissible by the trial court, the party must comply with La. C.C.P. art. 1636 to preserve the evidence. McMillion v. E. Jefferson Gen. Hosp., 15-578 (La. App. 5 Cir. 5/26/16), 193 So.3d 448, 451-52, writ denied, 16-1192 (La. 10/10/16), 207 So.3d 405; Tatum v. United Parcel Service, Inc., 10-1053 (La. App. 5 Cir. 11/15/11); 79 So.3d 1094, 1104. Any error may not be predicated upon a ruling that excludes evidence, unless a substantial right of a party is affected and the substance of the evidence was made known to the court by counsel. Id. at 1105. In

those instances, it is incumbent upon the party who contends the evidence was improperly excluded to make a proffer; and if the party fails to do so, that party cannot contend such exclusion was erroneous. Rogers v. Wackenhut Servs., Inc., 05-459 (La. App. 5 Cir. 1/17/06), 921 So.2d 1076, 1078. Without a proffer, an appellate court cannot ascertain the nature of the excluded evidence. Id.

The record reflects that defendant did not proffer the excluded testimony, and there is nothing in the record to ascertain the substance of Carolina's testimony. Consequently, this court has no way of determining whether or how Carolina's testimony would have affected the outcome of this matter. We therefore cannot determine whether the exclusion of this testimony affected a substantial right of defendant. Because defendant did not properly preserve this issue for appeal, this assignment of error lacks merit.

In addition, a trial court has much discretion in imposing sanctions for a party's failure to comply with scheduling orders, and its ruling will not be reversed absent an abuse of that discretion. Campos v. Unlimited Master Contractors, LLC, 18-435 (La. App. 5 Cir. 1/30/19), 265 So.3d 968, 972, writ denied, 19-427 (La. 5/6/19), 270 So.3d 576. In reviewing an imposed sanction, each case must be decided upon its own facts and circumstances. Id. Whether or not witnesses are permitted to testify is within the trial judge's discretion. Only when this discretion is abused is such a decision reversible on appeal. Reed v. Columbia/HCA Info. Sys., Inc., 00-1884 (La. App. 5 Cir. 4/11/01), 786 So.2d 142, 147, writ denied, 01-1384 (La. 6/22/01), 794 So.2d 796.

The scheduling order provided that the discovery deadline was 30 days prior to trial. During discovery, defendant did not inform Ms. Gongora that Carolina would be a witness. Defendant also did not provide the court with any reason or explanation for failing to timely inform Ms. Gongora that Carolina would be a witness.

In addition, the record indicates that defendant failed to cooperate with discovery throughout the case. Based on defendant's failure to participate in discovery, Ms. Gongora filed a motion to strike defendant's evidence that Ms. Gongora was not working at the time she was injured. Despite the workers' compensation court's ruling ordering defendant to produce documents requested during discovery, defendant failed to comply.

Based on the facts of this case, we find no abuse of the workers' compensation court's discretion in striking Caroline Diaz as a witness for defendant.

**DECREE**

For the reasons stated above, we affirm the workers' compensation court's judgment.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 3, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-392

### E-NOTIFIED

OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
GABRIEL O. MONDINO (APPELLEE)       GEORGE M. MCGREGOR (APPELLEE)       ROBERT J. DAIGRE (APPELLEE)
WILLIAM R. PENTON, III (APPELLEE)   MICHAEL H. IDOYAGA (APPELLANT)

### MAILED

LEILA M. BONILLA (APPELLEE)         CESAR R. BURGOS (APPELLEE)
ATTORNEY AT LAW                     ATTORNEY AT LAW
3535 CANAL STREET                   3535 CANAL STREET
NEW ORLEANS, LA 70119               SUITE 200
                                    NEW ORLEANS, LA 70119