953 So.2d 843 (2007)
Colby D'Andre MAYS, A Minor Appearing through his Mother and Natural Tutrix, Sandra Mays Dowles, and James Milton Penton, Plaintiffs-Appellees
v.
SAFEWAY INSURANCE COMPANY, KLLM, Inc. and Vernon Sawyer, A Division of KLLM, Inc., Defendants-Appellants.
No. 49,911-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
Jones & Jones by Johnnie A. Jones, Baton Rouge, for Plaintiffs-Appellees Mays, Dowles and Penton.
Tracy L. Oakley, for Defendant-Appellant Safeway Ins. Co.
Nelson, Zentner, Sartor & Snellings, L.L.C. by David H. Nelson, Monroe, for Defendants-Appellees KLLM, Inc. and Vernon Sawyer, Inc., a Division of KLLM, Inc.
Before WILLIAMS, DREW and LOLLEY, JJ.
LOLLEY, J.
Safeway Insurance Company of Louisiana ("Safeway") appeals a judgment of the Fourth Judicial District Court, Parish of Morehouse, Louisiana, in favor of Colby D'Andre Mays, a minor appearing through his mother and natural tutrix, Sandra Mays Dowles, and James Milton Penton. *844 For the following reasons, we reverse and render.

FACTS
On May 30, 2003, in Bastrop, Louisiana, Sandra Dowles was operating her vehicle, a Mitsubishi Eclipse, with her minor son, Colby, and James Penton as guest passengers. Dowles was driving in the right, outside lane of West Madison Street. Robert Shaver was operating a Vernon Sawyer freight liner truck owned by KLLM, Inc. He was driving in the left, inside lane of West Madison. While both the vehicles were in motion and when Dowles was in position next to the center of Shaver's trailer, Shaver changed lanes and forced Dowles off the road. She hit a large limb of a tree, and Colby and Penton were injured.
Penton and Colby, appearing through his mother and natural tutrix, Dowles, filed a timely suit against KLLM, Inc., Vernon Sawyer, a subdivision of KLLM, Inc., and Safeway, Dowles' insurer. The plaintiffs settled with KLLM, Inc. and Vernon Sawyer prior to trial. After a trial of the matter, the trial court assessed all fault for the accident against Dowles and cast Safeway, as Dowles' insurer, in judgment. General damages were awarded to Colby and Penton in the amounts of $800 and $1,200, respectively. Each party also was awarded special damages in an unspecified amount. Safeway appeals the judgment.

DISCUSSION
From the outset, we state firmly that the trial court committed manifest error in this matter. Safeway raises two assignments of error, the first being that the trial court erred in assessing all fault to Dowles for the accident. We agree. In fact, our review of the record leads to no other reasonable conclusion than Dowles was not negligent and bears no fault whatsoever for the injuries to her passengers.
Under the provisions of La. R.S. 32:79:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. . . .
The law places a greater burden of care on a motorist changing lanes than on a motorist proceeding at a lawful rate of speed in a marked lane. When there is a lane change immediately preceding an accident, the burden is on the motorist changing lanes to show that he first ascertained that the movement was being made safely. Charrier v. Primm, 40,038 (La.App. 2d Cir.08/19/05), 909 So.2d 1033; Graham v. Edwards, 614 So.2d 811 (La.App. 2d Cir. 1993), writ denied, 619 So.2d 547 (La. 1993).
Here, the evidence at trial was clear that Shaver illegally changed lanes and ran Dowles off the road, making his actions (and not Dowles') the proximate and only cause for this accident. At the trial of the matter, Dowles testified that she was driving in the right lane of West Madison and was next to Shaver's truck. She was positioned about midway of the trailer when she observed Shaver's signal light. She stated that after signaling, he proceeded into her lane of traffic. Dowles explained that she blew her horn at Shaver, but he continued to proceed into her lane of traffic. She testified that in driving off the road, she was attempting to maintain control of her vehicle as well as avoiding a collision with Shaver's truck. Dowles stated *845 that had she not driven off the road, she would have collided with the truck.
Additionally, Penton's description of the accident matched Dowles'.[1] He indicated that Dowles did not act negligently in his opinion, and his description of the accident shows that Shaver's actions were the sole cause. Penton testified that Dowles' vehicle was positioned about midway to the truck's trailer when Shaver put on his signal light and started coming over. According to Penton, Shaver began his lane change immediately. He did not give Dowles time to slow down. Penton recalled that Dowles sounded her horn, but Shaver kept coming over into her lane of travel. Penton did not feel like Dowles was exceeding the speed limit at the time of the accident. He stated that Dowles was forced to jump the curb, and she went 25-30 feet off the road into a grassy area until her vehicle was stopped by a tree limb. As described by Penton, Dowles was able to restart her vehicle and find Shaver and his truck. Penton opined that he did not believe Dowles did anything wrong to cause the accidentit was unavoidable. He stated that Shaver "just took over the road."
Considering the evidence that was before the trial court as well as explicit statutory authority and jurisprudence, we cannot see how any percentage of fault could be attributed to Dowles. Despite her own characterization that she "over-reacted," it is obvious that her actions were reasonable in order to avoid a collision with the tractor-trailer driven by Shaver. We determine that she was absolutely free of fault, and that the accident was due solely to Shaver's negligence in failing to ascertain that it was safe for him to change lanes before attempting to do so. See Bailey v. Moore, 276 So.2d 708 (La. App. 1st Cir.1973). We recognize that ordinarily the allocation of fault is a factual finding which an appellate court does not disturb unless, upon articulated and detailed analysis and reasons, that finding is demonstrated to be clearly wrong. Here, we conclude that the trial court's factual finding that Dowles was 100% at fault was clearly wrong. The evidence is uncontradicted that Shaver's sole negligence was the proximate cause of the accident, and he was entirely at fault. The trial court's contrary conclusion was manifestly erroneous; thus, since Dowles bears no fault for the injuries to Penton or Colby, Safeway is not liable for any damages.
Further, Safeway argues that the trial court erred in awarding special damages to Colby and Penton absent any proof of such. We agree that the record is entirely void of any evidence to support an award of special damages to the plaintiffs; however, our determination regarding fault makes moot any discussion of the award of special damages.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Judgment is entered in favor of the appellant, Safeway Insurance Company of Louisiana, dismissing the claims of appellees, Colby D'Andre Mays, a minor appearing through his mother and natural tutrix, Sandra Mays Dowles, and James Milton Penton. All costs of this appeal are assessed to the appellees.
REVERSED AND RENDERED.
NOTES
[1] By agreement of the parties, the trial court considered Penton's deposition transcript at trial, because Penton was incarcerated at the time of the trial.