WALTER J. ROTHSCHILD, Judge.
 

 IgPlaintiff, Mai Vu, appeals the December 12, 2008 trial court judgment, which was rendered in accordance with the jury’s verdict, finding defendant, Charles Artis, not negligent with regard to the motor vehicle accident in this case and dismissing plaintiffs lawsuit. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case arises from a motor vehicle accident that occurred on August 4, 2003 on Interstate 10 in Jefferson Parish. On August 2, 2004, Mrs. Vu filed a Petition for
 
 *142
 
 Damages against Charles Artis, his employer, Werner Enterprises, Inc. of Nebraska (“Werner”), and their insurer, AIG Insurance Company, alleging that defendants are liable for injuries she sustained in the accident. At the time of the accident, Mrs. Vu was driving her 1990 Honda Accord and Mr. Artis was driving a 2002 Freightliner Field owned by his employer, Werner. In her petition, Mrs. Vu contends that she was driving eastbound in the right lane of Interstate 10 when Mr. Artis suddenly swerved into her lane, causing her to collide with the 18-wheeler Rdriven by Mr. Artis. She claims that Mr. Artis was solely at fault for the accident and that she suffered serious injuries as a result of the accident.
 

 A jury trial was held on December 10, 2008 to December 12, 2008. At trial, Charles Artis testified that on August 4, 2003, he was a commercial truck driver for Werner and was driving a 140,000-pound tractor-trailer on Interstate 10 going east toward the city. This part of the interstate consisted of three lanes, and he was traveling in the center lane. Mr. Artis stated that it was drizzling, but visibility was still good. He testified that the speed limit was 60 miles per hour, but he was traveling approximately 54 miles per hour, because the road was wet from earlier rain and there was moderate traffic. According to Mr. Artis, it would take approximately 100 yards to bring his vehicle to a complete stop.
 

 Mr. Artis testified that as he was traveling in the center lane, a vehicle a couple of cars ahead of him began to “fish-tail” and an accident subsequently occurred involving that car. Mr. Artis testified that the vehicles in front of him started to brake and he did not believe that he could stop in the center lane. Mr. Artis saw enough room ahead to safely stop in the right lane and he saw headlights far back enough to allow him to safely move into the right lane, so he merged into the right lane. As he proceeded to merge, the car in front of him in the center lane also moved to the right lane, which reduced the distance he had to stop, so he pulled partially onto the right shoulder and adjacent grass in order to avoid hitting the vehicle in front of him. Mr. Artis testified that he began to lose some traction as he merged into the right lane, but he still maintained control of his vehicle. According to Mr. Artis, he brought his tractor-trailer to a complete stop and then felt Mrs. Vu strike his vehicle from behind.
 

 Mai Vu testified that on August 4, 2003, she was in the right lane of Interstate 10 traveling east. Although the speed limit was 60 miles per hour, she |4was traveling approximately 45 miles per hour because there was moderate traffic and the road was wet. She stated that she was traveling with her headlights on and it was drizzling, but the rain did not affect her vision and she could see clearly ahead of her. Mrs. Vu testified that all of a sudden, a truck that was traveling to her left swerved in front of her, so she slammed on her brakes, held onto the steering wheel, and collided with the truck. She stated that she did not know if Mr. Artis was in the center or left lane prior to swerving in front of her, and she was unaware that another accident happened ahead of them. Photographs of the accident scene show a wrecked vehicle in the median ahead of them, indicating that another accident did indeed occur.
 

 Several other witnesses testified at trial with regard to the injuries Mrs. Vu sustained as a result of the accident.
 

 On December 12, 2008, at the conclusion of trial, the jury deliberated and came to a unanimous verdict, finding that Mr. Artis was not negligent with regard to this accident. On that same date, the trial judge
 
 *143
 
 rendered a judgment in accordance with the jury’s verdict, finding Mr. Artis not negligent with regard to this accident and dismissing plaintiffs lawsuit against all defendants. On December 17, 2008, plaintiff filed a Motion for Judgment Notwithstanding the Verdict, or in the Alternative Motion for New Trial, which was denied by the trial court. Plaintiff, Mai Vu, appeals.
 

 LAW AND DISCUSSION
 

 In her sole assignment of error on appeal, Mrs. Vu contends that the jury’s verdict, allocating no fault to Mr. Artis, was manifestly erroneous and clearly wrong. She asserts that Mr. Artis violated LSA-R.S. 32:79 when he moved his eighteen-wheeler from the center lane into the right lane without first ascertaining that such movement could be made safely. Plaintiff asserts that professional truck | ^drivers, such as Mr. Artis, bear the highest standard of care when operating an eighteen wheeler and that Mr. Artis breached this duty of care by erratically swerving into Mrs. Vu’s lane of travel. Mrs. Vu alleges that when Mr. Artis swerved in front of her, she slammed on her brakes but could not stop before hitting his vehicle. She claims that the evidence at trial pointed so strongly in her favor that reasonable minds could not reach a different conclusion.
 

 Defendants respond that the evidence shows that Mr. Artis safely merged into the right lane after noticing an accident occurring ahead of him, and he brought his tractor-trailer to complete stop before Mrs. Vu struck him from behind. They assert that Mrs. Vu did not keep a proper lookout or take an evasive action to avoid striking Mr. Artis’s vehicle and that the photographs show she hit him “at almost a square rear-end.” They claim that a reasonable jury could have chosen to believe Mr. Artis’ testimony over Mrs. Vu’s testimony, and that the jury’s verdict should be upheld.
 

 A court of appeal may not set aside a jury verdict in the absence of manifest error or unless it is clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Vega v. State Farm Mut. Auto. Ins. Co.,
 
 08-152, p. 6 (La.App. 5 Cir. 10/28/08), 996 So.2d 1164, 1168. The manifest error-clearly wrong standard of review is based upon recognition of the trier of fact’s better capacity to evaluate live witnesses, as compared with the appellate court’s access only to a cold record, as well as the proper allocation of trial and appellate functions between the respective courts.
 
 Henderson v. Nissan Motor Corp.,
 
 03-606, p. 10 (La.2/6/04), 869 So.2d 62, 69.
 

 A determination of negligence or fault is a factual determination. In order to reverse a factual determination by the trier of fact, the appellate court must apply a two-part test: (1) the appellate court must find that a reasonable factual basis does | (inot exist in the record for the finding; and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong.
 
 Stobart v. State, Department of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). When factual findings are based upon determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings.
 
 Harris v. Delta Development Partnership,
 
 07-2418 (La.App. 1 Cir. 8/21/08), 994 So.2d 69, 74;
 
 Rosell v. ESCO, supra
 
 at 844. Where two permissible views of the evidence exist, the fact-finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 

 LSA-R.S. 32:79(1) provides:
 

 A vehicle shall be driven as nearly as practicable entirely within a single lane
 
 *144
 
 and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
 

 A motorist has a duty to maintain a careful lookout, observe any obstructions present, and exercise care to avoid them.
 
 Ransome v. Bordelon,
 
 01-1095 (La.App. 5 Cir. 1/15/02), 807 So.2d 1007, 1009. The law places a greater burden of care on a motorist changing lanes than on a motorist proceeding at a lawful rate of speed in a marked lane.
 
 Mays v. Safeway Ins. Co.,
 
 41,911, p. 2 (La.App. 2 Cir. 2/28/07), 953 So.2d 843, 846,
 
 writ denied,
 
 07-666 (La.5/11/07), 955 So.2d 1284. When there is a lane change immediately preceding an accident, the burden is on the motorist changing lanes to show that he first ascertained that the movement was being made safely.
 
 Id.; Charrier v. Primm,
 
 40,038, pp. 7-8 (La.App. 2 Cir. 8/19/05), 909 So.2d 1033, 1037.
 

 In a rear-end collision, there is a well-established presumption that the following motorist breached the standard of care set forth in LSA-R.S. 32:81 and was negligent.
 
 Mart v. Hill,
 
 505 So.2d 1120, 1123 (La.1987);
 
 Phipps v. Allstate Ins. Co.,
 
 05-651, p. 5 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084. When the rear-end collision presumption applies, the following motorist can escape liability by proving that the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid.
 
 Robinson v. Flowers,
 
 41,798, pp. 4-5 (La.App. 2 Cir. 1/24/07), 949 So.2d 549, 553. A driver who changes lanes without first determining that the move can be completed safely and then is struck from the rear by a following car cannot rely on the rear-end collision presumption to shift the burden to the following driver.
 
 Easter v. Direct Ins. Co.,
 
 42,178, p. 10 (La.App. 2 Cir. 5/9/07), 957 So.2d 323, 329;
 
 Daigle v. Mumphrey,
 
 96-1891 (La.App. 4 Cir. 3/12/97), 691 So.2d 260, 263.
 

 In the present case, Mr. Artis changed lanes just prior to the accident. However, he testified that he determined the movement could be made safely prior to the lane change. At trial, Mr. Artis testified that while traveling in the center lane, he saw a car ahead of him “fish-tail.” He testified that there was enough room ahead in the right lane to stop and the headlights in the right lane were far back enough to allow him to safely move into the right lane. Mr. Artis stated that he changed lanes and brought his tractor-trailer to a complete stop, which takes approximately 100 yards. According to Mr. Artis, Mrs. Vu struck his vehicle from behind after he came to a complete stop.
 

 The photographs show that Mr. Artis’ tractor-trailer had fully moved into the right lane, and even further onto the right shoulder, when Mrs. Vu struck the back of the tractor-trailer. The photographs of the accident scene also support Mr. Artis’ assertion that another accident was happening ahead of him, because it shows a wrecked vehicle a short distance ahead in the median.
 

 Defendants assert that after Mr. Artis safely changed lanes, Mrs. Vu did not fulfill her duty of care to keep a proper lookout, to keep her vehicle under control, | sand to avoid all foreseeable danger. However, Mrs. Vu testified that she was clearly focused, but Mr. Artis swerved in front of her and, although she slammed on her brakes, she could not stop without striking his tractor-trailer.
 

 The jury was faced with two different versions of the accident. Mr. Artis testified that there was sufficient room for him to safely merge into the right lane, and that he brought his vehicle to a complete stop before being struck from behind by Mrs. Vu. Mrs. Vu testified that she was
 
 *145
 
 paying attention when Mr. Artis suddenly swerved in front of her, and she slammed on her brakes but could not avoid striking his vehicle. Apparently, the jury found Mr. Artis’ version of the accident to be more credible. Based on Mr. Artis’ testimony and the photographs, it was not unreasonable for the jury to believe that Mr. Artis safely and legally moved into the right lane and was not at fault for the accident. As stated above, where there are two permissible views of the evidence, the jury’s choice between them cannot be manifestly erroneous or clearly wrong.
 

 Plaintiff contends that there are several cases involving the same set of facts in which the person “in defendant’s shoes” was found to be 100% at fault. However, the cases cites by plaintiff are distinguishable and not binding on this Court. For instance, plaintiff cites
 
 Mays v. Safeway Ins. Co., supra,
 
 in which the Second Circuit found the driver who changed lanes prior to the accident to be 100% at fault. However, in
 
 Mays,
 
 when the driver changed lanes, it caused the other driver to run off the road in order to avoid a collision, whereas in the instant case, there was a rear-end collision after Mr. Artis changed lanes. We have reviewed each of the cases cited by plaintiff, and none of these cases is precisely on point and/or binding on this Court.
 

 Considering the testimony and evidence in this matter, we cannot say that the jury was manifestly erroneous or clearly wrong in finding that Charles Artis |3was not negligent or at fault for the accident in this case. Accordingly, the trial court’s judgment in accordance with the jury’s verdict is affirmed.
 

 DECREE
 

 For the foregoing reasons, we affirm the trial court’s December 12, 2008 judgment, which was rendered in accordance with the jury’s verdict, finding that Mr. Artis was not negligent with regard to this accident and that defendants are not liable in this case.
 

 AFFIRMED.